IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Criminal Case No. 2:04-cr-55 |
| vs. | ) | |
| | ) | |
| Alfonso Rodriguez, Jr., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON FOURTH ROUND OF PRETRIAL MOTIONS

The Court has before it several pretrial motions filed by Defendant. A hearing was held on December 14 and 15, 2005, during which the Court took these motions under advisement. The Court has carefully considered the briefs submitted by the parties along with the arguments and statements of counsel at the hearing and now issues this memorandum opinion and order.

### SUMMARY OF RULINGS

I.   Because the FDPA requires the Court to evaluate the relevance and reliability of any evidence admitted during the selection phase, the Court will hold an evidentiary hearing on the admissibility of the testimony of the United States' future dangerousness expert.

II.  During oral argument, the parties reached agreement on the limits of victim impact evidence, and the government stated that it would be providing Defendant with the names of those witnesses and outlines of their testimony.

III. Because the Court has previously denied a Motion for a Bill of Particulars and Defendant has raised no new reasons to change that ruling, the motion is **DENIED**. Because the expanded notice filed by the government sufficiently informs the defendant of the factual basis for the allegations, Defendant's motion for even more information about the notice is **DENIED**.

IV.  Because the phrase "substantial planning and premeditation has a common-sense core of meaning that criminal juries can understand, Defendant's Motion to Strike this factor is **DENIED**.

1

V. Because a pretrial motion to strike based on the sufficiency of the evidence is not the appropriate vehicle for challenging the government's evidence, Defendant's Motion to Dismiss the "Substantial Planning and Premeditation" factor for lack of evidence is **DENIED**.

VI. Because a jury instruction can adequately define the terms "heinous, cruel and depraved," Defendant's Motion to Strike this aggravating factor is **DENIED**.

VII. Because a pretrial motion to strike based on the sufficiency of the evidence is not the appropriate vehicle for challenging the government's evidence, Defendant's Motion to Dismiss the "Heinous, Cruel and Depraved" factor for lack of evidence is **DENIED**.

## MOTIONS

### I.  Daubert Hearing

Defendant has requested a Daubert hearing to determine the reliability of the expert testimony the United States plans to offer in support of the future dangerousness non-statutory aggravating factor. The Daubert decision was based on the interpretation of the Federal Rules of Evidence. See 509 U.S. at 587 (holding that the Frye test was superseded by the adoption of the Federal Rules of Evidence). As this Court has previously ruled, the Federal Rules of Evidence will not apply during the selection phase of trial, which is when the evidence on future dangerousness would be presented. Instead, the FDPA standard of admissibility applies, which states that evidence may be excluded "if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury." 18 U.S.C. § 3593(c).

Under the FDPA evidentiary standard, any evidence admitted must still be reliable. See United States v. Lee, 374 F.3d 637, 648 (8th Cir. 2004) (stating that the FDPA does not impair the reliability of evidence). In fact, the FDPA evidentiary standard increases reliability by "providing full and complete information about the defendant . . . ." Id. The FDPA evidentiary standard also maintains the customary requirement that evidence must be relevant. United States v. Chong, 98

F. Supp. 2d 1110, 1116 (D. Haw. 1999).

These underlying principles of reliability and relevance are the basis of the inquiry under Rule 702. As the Daubert Court explained, the "overarching subject" of Rule 702 is scientific validity, which is based on the evidentiary relevance and reliability of the methodology utilized to reach the expert opinion. 509 U.S. at 594-95.

While a Daubert hearing is not required under the FDPA, the Court must still evaluate the expert's testimony under the 18 U.S.C. § 3593(c) standard. To the extent Daubert may be helpful in determining the relevance and reliability of this expert testimony, the Court will rely on it.

To streamline evidentiary rulings, the Court would like to hold a hearing regarding the United States' future dangerousness expert before trial. Once the United States has selected its future dangerousness expert, it should inform the Clerk of Court so that an evidentiary hearing regarding the admissibility of the expert's testimony may be scheduled.

**II.     Victim Impact**

In a capital trial, the prosecution may present evidence about the impact of the murder on the victim's family. Payne v. Tennessee, 501 U.S. 808, 827 (1991). The FDPA anticipates that this testimony will relate to "the effect of the offense on the victim and the victim's family." 18 U.S.C. § 3593(a). Victim impact evidence "may include oral testimony, a victim impact statement that identifies the victim of the offense and the extent and scope of the injury and loss suffered by the victim and the victim's family, and any other relevant information." Id.

During oral argument on this motion, the parties resolved the issues raised in Defendant's brief. The government stated that it will provide defense counsel with the names of witnesses and outlines of their testimony as it gets closer to trial. The testimony will only relate to the effect of

this crime on Dru Sjodin and her family. The government does not intend to produce any evidence to prove that Dru was a vulnerable victim. These stipulations resolve the matters raised by the briefs.

### III.    Bill of Particulars or Amend Notice of Intent

A district court has broad discretion in granting or denying a bill of particulars. United States v. Sileven, 985 F.2d 962, 966 (8th Cir. 1993) (citing United States v. Stephenson, 924 F.2d 753, 762 (8th Cir. 1991)). In this case, the indictment tracks the language of the statute and sufficiently informs the defendant of the nature of the charge against him. The Court denied the last motion for a bill of particulars, and there is nothing new in this motion to compel a different result.

In the alternative, Defendant asked for even more information regarding the Notice of Intent to Seek a Sentence of Death. The Court previously ordered the government to provide a detailed explanation of the factual basis for the factors listed in the notice. The government has provided that expanded notice, which explains in detail the factual basis for the aggravating factors. This explanation of the Notice of Intent satisfies the requirements of the Court's previous order. There is no need to further supplement the notice since this expanded notice is sufficient to apprise the defendant of the facts the government intends to introduce to prove the aggravating factors.

### IV.    "Substantial Planning and Premeditation" - Vague and Overbroad

A review of an aggravating factor for vagueness is "quite deferential" because "the proper degree of definition" of eligibility and selection factors often "is not susceptible of mathematical precision." Tuilaepa v. California, 512 U.S. 967, 973 (1994). An aggravating factor is constitutional so long as it has some "common-sense core of meaning . . . that criminal juries should be capable of understanding." Id. (quoting Jurek v. Texas, 428 U.S. 262, 279 (1976)).

Defendant argues that the addition of "substantial" to modify the phrase "planning and premeditation" does not save the factor from being unconstitutionally vague. In the context of this aggravating factor, the common-sense meaning of "substantial" is "considerable in quantity: significantly large." United States v. McCullah, 76 F.3d 1087, 1110 (10th Cir. 1996) (quoting Webster's Ninth New Collegiate Dictionary 1176 (1991)). A jury does not have to find that there was "considerably more planning than is typical" but rather "substantial" means "considerable" or "ample for commission of the crime." Id. at 1110-11.

The phrase "substantial planning and premeditation" has a common-sense meaning that a criminal jury is capable of understanding. Id. at 1110. Therefore, this aggravating factor is not unconstitutionally vague or overbroad. United States v. Tipton, 90 F.3d 861, 896 (4th Cir. 1996); McCullah, 76 F.3d 1110; United States v. Flores, 63 F.3d 1342, 1374 (5th Cir. 1995).

### V.   "Substantial Planning and Premeditation" - Evidence

Contrary to the procedure in civil cases where parties are permitted to challenge the sufficiency of the evidence through a summary judgment motion, there is no similar procedure in criminal cases. United States v. Ferro, 252 F.3d 964, 968 (8th Cir. 2001) (quoting United States v. DeLaurentis, 230 F.3d 659, 661 (3d Cir. 2000)). Unless there is a stipulated record,[1] a pretrial motion challenging the government's charges is not a permissible vehicle for addressing the sufficiency of the government's evidence. DeLaurentis, 230 F.3d at 660-61 (citing United States v. Knox, 396 U.S. 77, 83 n.7 (1969)). In a criminal case, the government is entitled to present all of its evidence at trial and then have its sufficiency tested by a motion for acquittal pursuant to Rule

---

[1] Without any legal support for the argument, Defendant alleges that the expanded Notice of Intent is a stipulated record of the facts, and Defendant alleges that the government will be limited to those facts at trial. This argument again incorrectly imputes civil law concepts into a criminal law case. The lack of any case law to support this argument demonstrates the fallacy of this position.

29 of the Federal Rules of Criminal Procedure. Id. (quoting DeLaurentis, 230 F.3d at 661). The courts are not in the business of predicting what the trial evidence will be. Id.

Defendant cites to United States v. Sampson, 335 F. Supp. 2d 166, 211 (D. Mass. 2004) and United States v. Roman, 371 F. Supp. 2d 36, 47 (D.P.R. 2005) as support for the proposition that the Court should break from the normal procedure and make a determination on the sufficiency of the evidence pretrial. However, both of these cases made determinations on the sufficiency of the evidence after it was presented to the jury at trial. See Roman, 371 F. Supp. 2d at 39 (stating that the ruling was made following the guilt portion of the capital trial); Sampson, 335 F. Supp. 2d at 210-11 & 210 n.24 (ruling after the government presented its evidence to the jury). Neither of these cases compel the conclusion that a court may test the sufficiency of the government's evidence pre-trial.

So far, the Court has only been given an outline of what the government believes its evidence will prove at trial. Just as in the ordinary case, the government and the defense know much more than the Court about the nature and quantity of the evidence. At this stage, it would be inappropriate for the Court to strike any portion of the indictment based on an argument that the evidence was insufficient to support the allegation. Ferro, 252 F.3d at 968.

As part of this motion, Defendant also requested a couple of legal rulings on the interpretation of this factor. First, Defendant states that the evidence should be limited to the planning and premeditation that went into causing Ms. Sjodin's death but not to the kidnapping or sexual assault. The government agrees with this assertion.

Second, Defendant argues that the planning and premeditation must be specifically related to Ms. Sjodin, and any evidence relating to planning and premeditation to cause the death of a

6

female generally would not support this factor. In Sampson, the Notice of Intent stated that there was substantial planning and premeditation "to cause the death of Philip McCloskey" and "to cause the death of Jonathan Rizzo." 335 F. Supp. 2d at 210. Without any explanation, the court stated that this language required the government to show that the planning and premeditation was directed specifically at these two individuals and not to any person generally. Id. Therefore, the government could not use any planning or premeditation the defendant did before he encountered either of these men to support this aggravating factor. Id.

Given the court's lack of analysis, it is difficult to understand how it reached this conclusion. The statute states that a jury may consider as an aggravating factor whether the "defendant committed the offense after substantial planning and premeditation to cause the death of a person . . . ." 18 U.S.C. § 3592(c)(9). This factor reflects Congress' judgment that people who put considerable thought into killing someone deserve a harsher sentence than when the death is caused in the spur of the moment or in the heat of passion. The focus for this factor is whether the convicted person engaged in substantial planning and premeditation to cause the death of someone. Simply replacing "a person" with the name of the actual person in the Notice of Intent does not shift the focus away from the fact that the jury must decide whether the death was the result of substantial planning and premeditation.

In McCullah, the defendant, conspiring with several other individuals, devised a plan to lure a man, identified as Mr. Rogers, away from his used car lot and then kill him. 76 F.3d at 1096. The defendant went to the used car lot and posed as a prospective buyer. Id. Mr. Rogers accompanied the defendant on a test drive of a Pontiac Fiero. Id. Apparently as a test run, the defendant drove out to the site where his co-conspirators planned to kill Mr. Rogers, and then he drove back to the

car lot. Id. The next day, the defendant again returned to the car lot and asked to test drive another car. Id. Mr. Rogers was unable to accompany the defendant that time, so he sent his employee, Mr. Collins with McCullah. 76 F.3d at 1096. The defendant again drove out to the ambush site, and once he got there, he stopped the car and quickly got out. Id. at 1097. One of the co-conspirators shot and killed Mr. Collins. Id.

On appeal, the defendant argued that there was insufficient evidence to support the "substantial planning and premeditation" aggravating factor because the actual victim was not the intended victim. Id. at 1111. The court rejected this argument, explaining that the aggravating factor was not written in a "victim-specific fashion," and it should not be construed that way. Id. The point was that substantial planning and premeditation resulted in the death of someone, and it was irrelevant that the eventual victim was not the intended victim. Id.

Defendant argues that McCullah does not apply here because it was interpreting the substantial planning and premeditation factor in 21 U.S.C. § 848(n)(8), and Defendant alleges the language for that factor is "significantly different" from the same factor in the FDPA. (Reply to Government's Response at 5). The language for the aggravating factor that McCullah interpreted is: "The defendant committed the offense after substantial planning and premeditation." 76 F.3d at 1111 (quoting 21 U.S.C. § 848(n)(8)). "Offense" is defined as the "intentional killing of an individual." Id. (quoting 21 U.S.C. § 848(e)(1)(A)). The FDPA states that the substantial planning and premeditation was to "cause the death of a person." 18 U.S.C. § 3592(c)(9). There is no relevant distinction between "intentional killing of an individual" and "cause the death of a person" that would make the McCullah analysis inapplicable to the FDPA.

The government alleges that it has evidence both that Defendant engaged in substantial

planning and premeditation to cause the death of a female and that he also directed substantial planning and premeditation specifically at Ms. Sjodin. This case presents an even stronger argument than McCullah to allow in the evidence of planning and premeditation directed at females generally because Ms. Sjodin actually was a member of the class Defendant was allegedly targeting whereas in McCullah, the defendant was focused on an entirely different individual. See 76 F.3d at 1096-97 (stating that the conspirators planned to kill Mr. Rogers but killed Mr. Collins instead). Since 18 U.S.C. § 3592(c)(9) is not a victim-specific aggravating factor, the government may use evidence of Defendant's alleged substantial planning and premeditation to cause the death of a female to support this factor. McCullah, 76 F.3d at 1111.

### VI. "Heinous, Cruel and Depraved" - Vague and Overbroad

When the jury receives an instruction that extensively defines "heinous, cruel and depraved," this aggravating factor is constitutional. United States v. Paul, 217 F.3d 989, 1001 (8th Cir. 2000). The district court in Paul gave a jury instruction that was nearly identical to one given in United States v. Hall, 152 F.3d 381 (5th Cir. 1998). Paul, 217 F.3d at 1001. The jury instruction used in Hall is nearly identical to the Eighth Circuit's Model Jury Instruction on the "heinous, cruel and depraved" factor. If this case proceeds to the eligibility phase, the Court will instruct the jury as the court did in Paul.

### VII. "Heinous, Cruel and Depraved" - Lack of Evidence

Contrary to the procedure in civil cases where parties are permitted to challenge the sufficiency of the evidence through a summary judgment motion, there is no similar procedure in criminal cases. United States v. Ferro, 252 F.3d 964, 968 (8th Cir. 2001) (quoting United States v. DeLaurentis, 230 F.3d 659, 661 (3d Cir. 2000)). In a criminal case, the government is entitled to

9

present all of its evidence at trial and then have its sufficiency tested by a motion for acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. Id. (quoting DeLaurentis, 230 F.3d at 661). The courts are not in the business of predicting what the trial evidence will be. Id.

Defendant again cites to Sampson to aid in his argument that there is insufficient evidence for this factor. As stated previously, the Sampson opinion was issued after the court had an opportunity to hear all the evidence the government offered at trial in support of specific aggravating factors. The other cases cited in the brief are appellate cases reviewing a jury verdict. See, e.g., State v. Odom, 928 S.W.2d 18 (Tenn. 1996); State v. Follin, 947 P.2d 8 (1997). This case is not at an appropriate stage to strike aggravating factors based upon allegations that there is insufficient evidence to support them. Ferro, 252 F.3d at 968.

As part of this motion, Defendant also alleges that the jury will be required to find both that there was torture and that there was serious physical abuse in order to decide that this factor is supported by the evidence because the Notice of Intent states that the killing "involved torture *and* serious physical abuse . . . ." (emphasis added). The statute states that a jury may find that the defendant committed the offense in an especially heinous, cruel, or depraved manner if it "involved torture *or* serious physical abuse to the victim." 18 U.S.C. § 3592(c)(6) (emphasis added). When a statute is worded in the disjunctive, federal pleading rules require the government to charge in the conjunctive "to inform the accused fully of the charges." United States v. Urkevich, 408 F.3d 1031, 1036 (8th Cir. 2005) (quoting United States v. Klein, 850 F.2d 404, 406 (8th Cir. 1988)). At trial though, the court then instructs the jury in the disjunctive form, and the charge is satisfied if the jury finds any one of the requirements satisfied. Id. (quoting Klein, 850 F.2d at 406). Therefore, the jury may find the "heinous, cruel and depraved" aggravating factor if it is convinced that the offense

involved either torture or serious physical abuse to Ms. Sjodin.  Id.

### DECISION

In lieu of a Daubert hearing, the Court will hold a § 3593(c) hearing on the admissibility of the future dangerousness expert.  The victim impact motion has been resolved by stipulation and is therefore **MOOT**.  Defendant's Motion for a Bill of Particulars or to further Supplement the Notice of Intent to Seek a Sentence of Death is **DENIED**.  Defendant's Motion to Strike the "Substantial Planning and Premeditation" Factor for vagueness is **DENIED**.  Defendant's Motion to Strike the "Substantial Planning and Premeditation" Factor for lack of evidence is **DENIED**.  Defendant's Motion to Strike the "Heinous, Cruel and Depraved" Factor for vagueness is **DENIED**.  Defendant's Motion to Strike the "Heinous, Cruel and Depraved" Factor for lack of evidence is **DENIED**.

**IT IS SO ORDERED**.

Dated this 21st day of February, 2006.

*Ralph R. Erickson*
Ralph R. Erickson, District Judge
United States District Court