IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER RE: JURY MOTIONS** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Criminal Case No. 2:04-cr-55 |
| | ) | |
| Alfonso Rodriguez, Jr., | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court are two motions by Defendant regarding jury issues. The government filed briefs in opposition. The Court held a hearing on March 24, 2006. Based on the briefs, the arguments of counsel, and the relevant case law, the Court issues the following opinion:

Defendant has requested an additional ten peremptory challenges. In a capital case, each side is given twenty peremptory challenges. Fed. R. Crim. P. 24(b)(1). A court may give additional peremptory challenges when alternate jurors are added. Fed. R. Crim. P. 24(c)(4). In this case, the Court will impanel four alternates. Therefore, the Court will increase each side's peremptory challenges by two. Fed. R. Crim. P. 24(c)(4)(B). These two additional peremptories may only be used to remove alternate jurors. Fed. R. Crim. P. 24(c)(4).

In single defendant cases, it is a matter of the court's discretion whether to grant additional peremptory challenges beyond those described in Rule 24. United States v. Springfield, 829 F.2d 860, 863 (9th Cir. 1987); United States v. Caldwell, 543 F.2d 1333, 1347 n.57 (D.C. Cir. 1975). Where a case generates extensive publicity, a court may increase the number of peremptory challenges. United States v. Blom, 242 F.3d 799, 804 (8th Cir. 2001).

The case at bar has generated more publicity than the average federal criminal case in this

1

district. Therefore, the Court will give the defendant an additional ten peremptory challenges. Id.

The government argues that if the defendant is awarded additional peremptory challenges, then it should receive the same number. In the usual felony case, the government always receives fewer peremptory challenges. See Fed. R. Crim. P. 24(b)(2) (stating that the government has six peremptory challenges and the defendant has ten peremptory challenges). Therefore, giving the defense additional peremptory challenges in this case does not place the government in any different situation than it usually faces in other felony trials.

## DECISION

Defendant's Motion for ten additional peremptory challenges is **GRANTED**. For the reasons given during the hearing on March 24, Defendant's Motion for Alternating Voir Dire is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 13th day of April, 2006.

*/s/ Ralph R. Erickson*
Ralph R. Erickson, District Judge
United States District Court