IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER GRANTING MOTION** |
| Plaintiff, | ) | **FOR SANCTIONS** |
| | ) | |
| vs. | ) | |
| | ) | Criminal Case No. 2:04-cr-55 |
| Alfonso Rodriguez, Jr., | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant's Motion for Sanctions. The government filed a brief in response. The Court held a hearing on May 12, 2006.

Defendant alleges that the government has failed to comply with Rule 16 of the Federal Rules of Criminal Procedure with respect to its expert disclosures. Defendant alleges four separate violations. First, Defendant alleges that a mitochondrial DNA expert, Danielle Honig, was disclosed for the first time on April 28, 2006, which was after the April 19 deadline for disclosing experts. Second, Defendant alleges that the government has failed to provide a statement of Craig Thrane's opinion, the basis for that opinion, or the reasons for the opinion within the deadline. Third, Defendant alleges that on April 28, the government identified new opinions that Dr. Michael McGee would testify to, but these opinions were not stated in either of the reports he had completed. Finally, Defendant alleges that the government's expert disclosure only states "see reports" for each expert, but the disclosure does not explain which report is attributed to which expert.

Under Rule 16, if the defendant makes a request for expert witness disclosures, the government must give him a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. Fed.

R. Crim. P. 16(a)(1)(G). This written summary must include the witness' opinions, the bases and reasons for those opinions, and the witness' qualifications. Id. A district court has broad discretion when deciding whether to impose sanctions for failure to comply with discovery orders and when determining the nature of the sanction for that failure. United States v. Davis, 244 F.3d 666, 670 (8th Cir. 2001). When deciding the nature of the sanction, a court should consider the reasons for the government's delay and whether it acted intentionally or in bad faith and the degree of prejudice to the defendant. Id. (quoting United States v. Hastings, 126 F.3d 310, 317 (4th Cir. 1997)). A court should use the least severe sanction which will adequately punish the government and secure future compliance. United States v. DeCoteau, 186 F.3d 1008, 1010 (8th Cir. 1999) (quoting Hastings, 126 F.3d at 317).

The government's only explanation for the late disclosure of Honig was that it had only recently been informed that she had participated in some of the testing. There appears to be little prejudice to the defendant from this late disclosure since her testimony is similar to testimony from other DNA experts that the government disclosed before the deadline. However, the government has violated the discovery order by disclosing this expert after the deadline.

For Thrane, the government has not provided the Court with the "report" it mentions in its April 19 disclosure. The rest of the April 19 disclosure regarding Thrane does not state what the nature of his opinion will be or the bases and reasons for that opinion. The April 28 disclosure, which is after the April 19 deadline, only states generally that he will testify about "identification techniques." It does not explain what those techniques are or how he applied them to reach his opinion. Therefore, this disclosure violates the Rule 16(a)(1)(G) requirement that the bases and reasons for the expert opinion must be supplied upon request.

With Dr. McGee, the Court again does not have his two reports to compare them to the alleged new opinions disclosed on April 28. However, since the government did not provide those reports or allege that those reports contain these opinions, the Court will accept Defendant's allegations as true. By disclosing these new opinions after the deadline, this also violates the discovery order.

In the Court's opinion, these late disclosures do create some prejudice to the defendant. These new opinions and the way the experts arrived at their opinions may require defense counsel to hire new experts less than two months before trial. Considering all the circumstances of these disclosures, the Court hereby orders as follows:

1. For Danielle Honig, Craig Thrane, and Dr. Michael McGee, the government will provide a written summary of their opinions and the bases and reasons for their opinions by Tuesday, May 16, 2006 by 5:00 p.m. The government will also make these three witnesses available for depositions upon the request of the defense.

2. The government will supplement its expert disclosure by identifying which report correlates to which expert's opinion. This disclosure will be made by Tuesday, May 16, 2006 by 5:00 p.m.

**IT IS SO ORDERED**.

Dated this 12th day of May, 2006.

Ralph R. Erickson, District Judge
United States District Court