IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| Plaintiff, | ) | **ORDER ON RULE 413** |
| | ) | **MOTION IN LIMINE** |
| vs. | ) | |
| | ) | Criminal File No. 2:04-cr-55 |
| Alfonso Rodriguez, Jr., | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is the United States' Motion to Introduce Rule 413 Evidence during the merits phase of the trial. Defendant filed a brief in opposition. On June 14, 2006, the Court held a hearing and took the matter under advisement. Based upon the briefing, the evidence submitted, and the arguments of counsel, the Court issues the following opinion:

"In a criminal case in which the defendant is accused of an offense of sexual assault, evidence of the defendant's commission of another offense or offenses of sexual assault is admissible . . . ." Fed. R. Evid. 413(a). An "offense of sexual assault" means a crime under either federal or state law that involves, among other things, any conduct proscribed by chapter 109A of title 18, United States Code. Fed. R. Evid. 413(d). An "offense of sexual assault" also includes an attempt to engage in conduct proscribed by chapter 109A. Id. Rule 413 does not violate the Due Process Clause. United States v. Mound, 149 F.3d 799, 801 (8th Cir. 1998). Rule 413 is subject to Rule 403's limitation on evidence, which prevents the introduction of evidence when its probative value is substantially outweighed by the danger of unfair prejudice. Id.

The first requirement of Rule 413 is that the current case must accuse the defendant of an offense of sexual assault. The defendant does not have to be charged with a chapter 109A offense,

1

but the current charge must involve conduct proscribed by chapter 109A. <u>United States v. Blazek</u>, 431 F.3d 1104, 1109 (8th Cir. 2003). A court can examine the charging document to determine whether the offense involves conduct proscribed by chapter 109A. <u>See</u> <u>id.</u> (examining the language of Count Two of the Indictment to determine the nature of the conduct). Chapter 109A proscribes conduct involving the use of threat or force to cause another person to engage in a sexual act. The current indictment against Rodriguez states, in pertinent part, that he kidnapped Ms. Sjodin "for the purpose of sexually assaulting her." The act of kidnapping involves threat or force, therefore the current charge involves conduct proscribed by chapter 109A. <u>Blazek</u>, 431 F.3d at 1109. This criminal case does accuse Defendant of an offense of sexual assault.

The second requirement of Rule 413 is that the prior offenses being offered against the defendant must also be "offenses of sexual assault." Fed. R. Evid. 413(a). The last requirement is that the prior offenses must be relevant. <u>United States v. Guardia</u>, 135 F.3d 1326, 1328 (10th Cir. 1998) (citing Fed. R. Evid. 402). Prior offenses of sexual assault are relevant if they are similar to the current charge. <u>United States v. Crawford</u>, 413 F.3d 873, 876 (8th Cir. 2005).

In <u>United States v. Medicine Horn</u>, 447 F.3d 620, 623 (8th Cir. 2006), the court found four similarities that permitted the introduction of the prior assaults under Rule 413. The age of the victims was similar, "each assault occurred after a party at which the victim consumed alcohol," the defendant removed the victims' pants, and the defendant used force against each victim. <u>Id.</u> In <u>Crawford</u>, the court found that the similarity in age between the victims was sufficient to permit the evidence under Rule 413. <u>See</u> 413 F.3d at 876 (stating that the current charge and the prior conviction both involved eight-year-old girls).

In case number 5438, Rodriguez approached an eighteen-year-old woman as she left a bar

alone. Rodriguez had her drive to an empty house where he grabbed her by the throat and tried to take off her pants. He threatened to kill her if she did not have sex with him, so she performed oral sex on him.

In case number 5447, Rodriguez approached an eighteen-year-old woman as she left a movie theater alone. Brandishing a knife, he forced her to drive to a remote spot outside of Crookston. Once there, he raped her.

Both of these convictions constitute offenses of sexual assault under Rule 413 because they involve conduct proscribed by chapter 109A. In addition, they are relevant to the current offense because of the similarities to the allegations in the current case. At the time of the present offense, Ms. Sjodin was twenty-two, only four years older than the women in case numbers 5438 and 5447. This similarity in age alone would be sufficient to allow the introduction of these two prior convictions under Rule 413. Crawford, 413 F.3d at 876.

In addition to this similarity, it is alleged that Ms. Sjodin was approached at knife point when she was alone in her car outside the Columbia Mall. It is further alleged that Defendant forced her to drive off with him to a remote location where he sexually assaulted her. Therefore, this offense is similar to case numbers 5438 and 5447 in the following respects: Rodriguez approached college-aged women as they left public places alone and went to their vehicles; he took them to a secluded location; and he used force to sexually assault them. These prior convictions may be introduced under Rule 413.

In case number 79CR96, a man approached a twenty-two-year-old woman as she left a department store and got into her car alone. He forced her at knife point to drive to a remote location outside of town where he raped her. Subsequently she identified Rodriguez as her attacker,

3

and the case went to trial. The first trial resulted in a mistrial because the jury was deadlocked. The second trial resulted in an acquittal for Rodriguez.

Under Rule 403, a past offense of sexual assault can be excluded when the past offense cannot be shown with reasonable certainty because "its probative value is reduced and it may prejudice the defendant unfairly, confuse the issues, mislead the jury, and result in undue delay . . . ." Johnson v. Elk Lake Sch. Dist., 283 F.3d 138, 156 (3d Cir. 2002). When the danger of unfair prejudice outweighs the evidence's probative value, the trial court has considerable discretion to exclude it. United States v. Reyes, 362 F.3d 536, 541-42 (8th Cir. 2004). A trial court does not abuse its discretion when it excludes a prior acquittal pursuant to Rule 403. United States v. Irvin, 787 F.2d 1506, 1517 (11th Cir. 1986).

For the offense in case number 79CR96, the first trial ended in a hung jury and the second trial ended in an acquittal for Rodriguez. Based upon this history, this past offense cannot be shown with reasonable certainty. The use of this incident to demonstrate Defendant's propensity to act in conformance with an act he was found not guilty of is unfairly prejudicial and this prejudice substantially outweighs the evidence's probative value. Therefore, this offense will be excluded under Rule 403. Johnson, 283 F.3d at 156; Irvin, 787 F.2d at 1517.

In case number 6192, Rodriguez approached a forty-six-year-old woman as she was out for a walk alone in her neighborhood. He grabbed her and ordered her to get in his car, and he threatened to kill her if she did not comply. When she struggled with Rodriguez, he stabbed her in the abdomen and arm. She broke free and started running. Rodriguez got into his car and drove away. A jury convicted Rodriguez of attempted kidnapping and assault in the first degree. Rodriguez v. State, 345 N.W.2d 781, 785 (Minn. Ct. App. 1984).

This conviction can constitute conduct proscribed by chapter 109A if it amounted to an attempt to commit a sexual assault. In order to constitute an "attempt" under Rule 413, there must be an intent to commit the predicate crime and a "substantial step" toward its commission. United States v. Blue Bird, 372 F.3d 989, 993 (8th Cir. 2004). A substantial step has occurred when the defendant's conduct relates to a sexual act. See id. at 993-94 (stating that a substantial step occurred when the defendant tried to take off his pants and then passed out on top of the girl). A substantial step has not occurred when the defendant only kisses, touches, or makes sexual overtures to his intended victim. Id.

With Rodriguez's conviction in case number 6192, neither the verbal threat nor the physical assault relate to a sexual act. The government argues that one only has to look at Rodriguez's prior convictions in cases 5438 and 5447 and his acquittal in case 79CR96 to realize that he intended to sexually assault Ms. Whalen. The government alleges that Huddleston v. United States, 485 U.S. 681 (1988) permits this circular reasoning.

In Huddleston, the Supreme Court decided what standard of proof was required for a trial court to admit evidence of prior, similar uncharged criminal acts under Rule 404(b). See generally 485 U.S. 681. It held that the court only has to find that a "jury could reasonably find the conditional fact–[whether the prior act was criminal in nature]–by a preponderance of the evidence" in order to admit the evidence. Id. at 690. This standard of proof also applies to Rule 413. United States v. Norris, 428 F.3d 907, 913-14 (9th Cir. 2005).

In this case, Rodriguez was convicted in case number 6192; this conviction is more than enough to meet the Huddleston standard because the prior criminal act was proven beyond a reasonable doubt. However, the issue the Court is confronted with now is different. The Court must

5

determine whether this prior conviction amounts to an offense of sexual assault as defined by Rule 413.

In Huddleston, the Court explained that a trial court could look at all the evidence presented to the jury to determine whether the televisions involved in the prior act were stolen. 485 U.S. at 691. As previously stated, Rodriguez's conviction is sufficient evidence for a jury to determine whether he engaged in attempted kidnapping or assault in the first degree. However, it is unclear whether Huddleston permits a trial court to use prior convictions to impute a motive to another conviction.

As the jury found in case 6192, Rodriguez's verbal threat or use of a knife amounted to a substantial step toward committing a kidnapping. In light of Blue Bird, the Court will not imply even more significance to this conduct. Since the conduct in case 6192 did not relate to a sexual act, this conviction does not constitute an offense of sexual assault under Rule 413. Blue Bird, 372 F.3d at 993.

Finally, Defendant argues that all of these prior incidents should be excluded because the disclosure was not timely. Without citation to authority, Defendant argues that the Rule 404(b) deadline should apply to Rule 413. In the Court's July 29, 2005 Order, it states: "the Court HEREBY ORDERS that the government shall provide disclosure of Rule 404(b) evidence and notice under Rule 807 no later than 90 days prior to trial." Under the plain language of this order, it did not apply to Rule 413 evidence. Notice of an intent to provide Rule 413 evidence must be disclosed at least fifteen days before the scheduled date of trial. Fed. R. Evid. 413(b). Since the government provided this notice more than fifteen days before the scheduled date of trial, it provided timely notice.

## **DECISION**

The United States' Motion in Limine regarding the convictions in Polk County case numbers 5438 and 5447 is **GRANTED**. As to case numbers 79CR96 and 6192, the motion is **DENIED**.

**IT IS SO ORDERED**.

Dated this 26th day of June, 2006.

*Ralph R. Erickson*
Ralph R. Erickson, District Judge
United States District Court