IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **AMENDED ORDER GRANTING** |
| Plaintiff, | ) | **MOTION FOR MENTAL HEALTH** |
| | ) | **EVIDENCE** |
| vs. | ) | |
| | ) | |
| Alfonso Rodriguez, Jr., | ) | Criminal Case No. 2:04-cr-55 |
| | ) | |
| Defendant. | ) | |

Before the Court is the United States' Motion Regarding Mental Health Evidence. Under Rule 12.2 of the Federal Rules of Criminal Procedure, a defendant must notify the United States if he intends to assert a defense of insanity. In a capital case, if a defendant intends to introduce expert evidence relating to a mental disease, defect, or any other mental condition, bearing on the issue of guilt or punishment, then the defendant must notify an attorney for the government of this intention. Fed. R. Crim. P. 12.2(b). Once the defendant provides notice under subsection b, a court may order a mental examination upon the government's motion. Fed. R. Crim. P. 12.2(1)(B). Rule 12.2 also provides how the results of this mental examination and the mental examination of the defendant's experts must be disclosed to the United States.

On June 1, 2006, Defendant provided notice that he intends to introduce expert evidence relating to a mental disease, defect, or any other mental condition, bearing on the issue of punishment. In order to avoid delay if there is a punishment phase to this trial, the Court orders as follows:

1. The following individuals are designated to be "fire-walled" from the United States' trial

1

attorneys for the purpose of receiving mental health evidence from the defense team: Assistant United States Attorneys Michael A. Reilly, Steven E. Holtshouser, Carrie Constantin, and Thomas E. Dittmeier, and support staff members Susan Dalpini, Julie Hurst, and Jill Climer, and FBI Agent Frank Brostrom.

    2. All documents, records, and information disclosed by Defendant to the fire-wall team and all documents, records, and information obtained or developed by any expert working with them are subject to the following restrictions:

    a. The documents, records, and information shall be disclosed only to the fire-wall team, provided that no such individual has been in the past or will be in the future associated in any way with this case, including the decision to authorize seeking the death penalty against the defendant; any expert working with the fire-wall team; and that expert's support staff. Each of the foregoing persons is an "Authorized Individual" for purposes of this Order.

    b. The documents, records, and information shall not be disclosed, directly or indirectly, to United States Attorney Drew H. Wrigley, Assistant United States Attorneys Keith W. Reisenauer and Norman G. Anderson, or to any other attorney, staff member, agent, expert, or consultant working on this case in any capacity including a supervisory capacity.

    c. The foregoing documents, records, and information shall be used by each Authorized Individual solely for the purpose of this case. Each Authorized Individual shall not divulge the documents, records, or information to anyone who

is not an Authorized Individual.

d. Any submissions to the Court referring to these documents, records, or information shall be filed under seal and served only on defense counsel and the fire-wall attorneys.

e. Each Authorized Individual shall file, under seal, a statement under oath representing that he or she has read this Order and recognizes that a willful violation of it may be deemed a civil or criminal contempt.

f. If an Authorized Individual learns of a possible violation of this Order, he or she shall inform the Court promptly.

g. Should the fire-wall team find that an inquiry must be made to the trial team in this case, such an inquiry must be made in either of two ways: in writing, with a copy filed under seal until the 12.2(c)(2) disclosures have been made, and the copy disclosed with those Rule 12.2(c)(2) disclosures; or in a pre-arranged call with a court reporter or a recorder making a complete record of the conversation, which shall also be filed under seal until after the Rule 12.2(c)(2) disclosures have been made, and then disclosed with those Rule 12.2(c)(2) disclosures.

3. When all Authorized Individuals have filed the statements required by section 2(e) above, a fire-wall attorney shall notify defense counsel.  No later than five (5) business days after the fire-wall team has provided this notice, defense counsel shall inform the fire-wall attorneys of the identity and qualifications of the mental health professionals who have or will evaluate the defendant and the specific nature of any testing that these experts have or will perform.

4. If the government chooses, it may have the defendant examined by a psychiatrist or any other mental health professional(s) it selects. The government's examination(s) shall take place in the facility where the defendant is confined. If certain testing cannot reasonably be administered at the defendant's place of confinement, the government retains the right to request modification of this Order. No later than seven (7) business days after receiving the information listed in section 3 above from defense counsel, the fire-wall team will provide the defense with the identity and professions of their mental health experts. No testing of the defendant may occur less than five (5) days after the defense receives this information.

5. The sole purpose of the government's examination shall be to confirm or rebut mental health evidence presented by Defendant. The government's expert(s) will not administer multiple tests designed for the purpose of measuring a single mental function. Further, any government expert will not subject Defendant to testing of a different nature than the testing performed by the defense experts.

6. The fire-wall attorneys shall provide defense counsel with at least five (5) days advance notice of the name(s) and profession(s) of the government expert(s) who will examine Defendant with respect to his mental condition, and the tests that the expert(s) expect to perform. If the defendant objects to the use of any expert, or to a particular test, defense counsel shall diligently attempt to resolve the objection with fire-wall counsel. If resolution cannot be reached, the defendant shall file an objection with the Court before the end of three (3) business days after receiving notice of the expert or test from the fire-wall attorney, and the Court shall set the matter for hearing.

7. A defense representative may observe the examination by the government's expert, and the defense may arrange for the examination to be audio-taped. The defense representative should observe the examination in an unobtrusive manner, but there must be an ability for the representative to communicate with the examiner if the defense representative believes that the defendant's constitutional rights are being violated.

8. The fire-wall attorneys shall read the mental health report(s) prepared by the government expert(s) before filing the reports with the Court. If the report(s) contain exculpatory information relevant to either guilt or punishment, that information shall be disclosed to defense counsel by the fire-wall attorneys as soon as it becomes known to them. Otherwise, in accordance with Rule 12.2(c)(2) of the Federal Rules of Criminal Procedure, the report(s) shall remain sealed with the Court and must not be disclosed to any trial attorneys or defense attorneys unless the defendant is found guilty of a capital crime.

9. If Defendant is found guilty of a capital crime, the results and reports of the government's examination(s) will be disclosed to defense counsel. Within twenty-four (24) hours of receiving these results and reports, the defendant must provide written notice to the United States and the Court as to whether he re-affirms his intent to rely on mental health evidence during the penalty phase.

10. If Defendant re-affirms his intent to rely on mental health evidence during the penalty phase, then the fire-wall restrictions under paragraph 2 of this order will no longer apply. The results and reports of the government's examination(s) may then be provided to the government's trial attorneys. Defendant will also immediately disclose to the United States' trial attorneys the

results and reports of any examination(s) on mental condition conducted by Defendant's expert(s) about which Defendant intends to introduce expert evidence.

11. Defendant may elect, at any time prior to presenting mental health evidence, to withdraw his intent to rely on mental health evidence, at which point the United States has no right to use its mental health rebuttal evidence.

12. Failure of the defendant to provide the required mental health evidence notices or to participate in a court-ordered examination may result in forfeiture of the right to present mental health testimony at the penalty phase of the trial.

**IT IS SO ORDERED**.

Dated this 26th day of June, 2006.

_____
Ralph R. Erickson, District Judge
United States District Court