IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| Plaintiff, | ) | **ORDER DENYING RENEWED** |
| | ) | **MOTION TO CHANGE VENUE** |
| vs. | ) | |
| | ) | |
| Alfonso Rodriguez, Jr., | ) | Criminal Case No. 2:04-cr-55 |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant's renewed Motion to Change Venue. On August 3, 2006, the Court held a hearing on the motion.

A basic requirement of the Due Process Clause is that a criminal defendant is entitled to "a fair trial in a fair tribunal . . . ." Irvin v. Dowd, 366 U.S. 717, 722 (1961) (quoting In re Murchison, 349 U.S. 133, 136 (1955)). This basic requirement is satisfied even when jurors have knowledge of the facts and issues involved in the case. Id. This basic requirement is also satisfied when jurors have preconceived notions about the guilt of the accused. Id. at 723. To require a court to empanel jurors who have no preconceived notions about the guilt of the accused would "establish an impossible standard." Id. However, jurors must lay aside their "impression or opinion and render a verdict based on the evidence presented in court." Id.

The presumption that an impartial jury cannot be seated can arise under either of the following circumstances: 1) when the pretrial publicity was intensive and inflammatory or 2) when the examination of the entire jury venire revealed widespread prejudice. United States v. Bliss, 735 F.2d 294, 298 (8th Cir. 1984). Since the Court has previously rendered an opinion on the pretrial publicity, and it now has extensive information on the venire panel, this opinion will focus on the

1

latter inquiry.

When analyzing the degree of prejudice in the venire panel, a court should look at how firmly the potential jurors hold their opinions about the accused and the relative number of the members of the venire who have these fixed opinions. Murphy v. Florida, 421 U.S. 794, 803 (1975); Irvin, 366 U.S. at 723. A presumption of partiality is not warranted in a jury pool where twenty-nine percent of the pool has expressed a strong or fixed opinion about the guilt of the accused. United States v. Nelson, 347 F.3d 701, 709 (8th Cir. 2003). The Eighth Circuit has also rejected the presumption of partiality when that percentage has reached fifty percent of the venire. See Pruett v. Norris, 153 F.3d 579, 586 n.9 (8th Cir. 1998) (citing numerous cases). The presumption of partiality has been found when ninety percent of the venire believed that the accused was guilty, and the small, rural community where the trial was held had been exposed to intensive, inflammatory publicity. See Murphy, 421 U.S. at 798-803 (explaining the holding of Irvin).

In this case, the venire consists of 580 people who filled out the questionnaire. At question 93[1] of the questionnaire, each potential juror is asked whether he or she has an opinion about the guilt or innocence of the defendant, and the jurors are given several lines to write an explanation. Questions 94,[2] 111,[3] and 112[4] ask whether the potential juror can set aside whatever opinion he or

---

[1] "93. Do you have any opinion about the guilt or innocence of the defendant or appropriate punishment for the defendant? ( ) Yes   ( ) No  If yes, please specify what those opinions are:"

[2] "94. If you have read, seen or heard anything about this case, would you be able to set aside those things which you have read, seen or heard and judge this case fairly and impartially on the evidence presented in court? ( ) Yes  ( ) No  If no, please explain:"

[3] "111. If you are selected as a juror in this case, will you base your decision on the defendant's guilt or innocence solely on the evidence presented to you during trial?  ( ) Yes  ( ) No  If no, please explain:"

[4] "112. If you are selected as a juror in this case, will you set aside any personal feelings you may have about the defendant, positive or negative, and rely solely and exclusively on the evidence presented to you in court to decide this case?  ( ) Yes  ( ) No  Please explain your answer."

she has formed or set aside whatever information he or she knows about the case and decide the case only on the information presented in court. Correlating the "yes" answers to question 93 with a "no" answer to at least one of the questions at 94, 111, or 112 reveals the number of people who could fairly be characterized as having strong or fixed opinions. Out of the 580 members of the venire, 139 potential jurors, or twenty-four percent, have strong or fixed opinions.[5] This percentage is insufficient to create a presumption of partiality. Nelson, 347 F.3d at 709; Pruett, 153 F.3d at 9.

An examination of the jurors who have actually been qualified reveals a markedly smaller percentage of people who have a strong or fixed opinion about Defendant's guilt. Out of the 65 jurors qualified as of the time of this writing, only one person,[6] or less than two percent, gave an opinion of guilt and stated at question 94 that she could not set that opinion aside. However, she also answered questions 111 and 112 affirmatively, indicating that she could set aside her opinion. During the in-person, extensive, probing questioning of this juror, the Court also determined that this juror could set aside her opinion and decide this case based only on the evidence presented at trial. In addition, the Court has given Defendant an additional ten peremptories based on the extensive pretrial publicity. Therefore, Defendant can use one of these additional peremptories on this juror if he remains convinced that she has a preconceived opinion that she cannot set aside.

At oral argument, Defendant alleged that twenty-one of the fifty-four, at that time, qualified jurors hold the opinion that he is guilty. Since these numbers are not reflected in the questionnaires,

---

[5] An additional 109 potential jurors answered "yes" to question 93 but answered "yes" to all the questions that asked if they could set that opinion aside. Some of the people in this category also gave neutral answers in the space provided at question 93. At most, this group can only be fairly characterized as having a tentative opinion about the case, and a tentative opinion is insufficient to create a presumption of partiality. Irvin, 366 U.S. at 723. The remaining 332 potential jurors, or fifty-seven percent, answered "no" to question 93 and "yes" to all the questions that asked if they could base their decision only on the evidence presented in court.

[6] Juror #20 on the peremptory form.

3

Defendant must be basing this figure on the tentative answers that he has received as responses to leading questions. Statements of guilt received in this manner are not accorded great significance. See Murphy, 421 U.S. at 802-03 (refusing to give weight to a juror's opinion of guilt when it was given in response to a leading and hypothetical question). In addition, tentative opinions of guilt are insufficient to raise a presumption of partiality. Irvin, 366 U.S. at 723.

In this case, only twenty-four percent of the venire, and less than two percent of those who have been qualified, have a strong or fixed opinion that Defendant is guilty. This small number of people is insufficient to create a presumption of partiality. Nelson, 347 F.3d at 709; Pruett, 153 F.3d at 9; cf. Irvin, 366 U.S. at 727 (stating that sixty-two percent of the venire panel was excused based on their fixed opinions of guilt).[7]

## DECISION

Defendant's renewed Motion to Change Venue is **DENIED**.

**IT IS SO ORDERED**.

Dated this 9th day of August, 2006.

      /s/ Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court

---

[7] In addition, the Court remains convinced that the Minneapolis-St. Paul area would not be an appropriate alternate venue for the trial of this case. This case has received the same, if not more, media attention in the Minneapolis-St. Paul area as it has in the Fargo area. As former United States Attorney for Minnesota, David Lillehaug, explains it, "Living in the Twin Cities, I can tell you that this case has received extensive media coverage here. As the judge considers this motion, he will need to take into account that Dru Sjodin is a household name in the Twin Cities." Doubt Voiced on Moving Fargo Trial: Minneapolis Venue Poses Other Problems, St. Paul Pioneer Press, Aug. 5, 2006.