IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING** |
| | ) | **BATSON CHALLENGE** |
| vs. | ) | |
| | ) | Criminal No. 2:04-cr-55 |
| Alfonso Rodriguez, Jr., | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant's Batson challenge to two of the government's peremptory strikes. The government used a peremptory on an African-American woman and a peremptory on a Native American man.

In Batson v. Kentucky, 476 U.S. 79, 100 (1986), the Supreme Court held that it was constitutionally impermissible for a party to a criminal trial to use race-based peremptory strikes. Under Batson, the court engages in a three-part inquiry. Miller-El v. Cockrell, 537 U.S. 322, 328 (2003). First, a defendant must make a prima facie showing that a peremptory challenge has been exercised on the basis of race. Id. If the defendant makes that showing, then the prosecution must offer a race-neutral basis for striking the juror in question. Id. Finally, the court must determine whether the defendant has shown purposeful discrimination. Id. at 328-29.

In this case, the only African-American and the only Native American in the panel were taken off by the government's peremptory challenges. This is sufficient to make a prima facie showing.

At the second step of the inquiry, the prosecution must state a race-neutral explanation for the exercise of its peremptory strike. Purkett v. Elem, 514 U.S. 765, 767 (1995). This reason does not have to be persuasive or even plausible. Id. at 768. The ultimate burden of persuasion on the

1

issue of whether the challenge was race-based always rests with the opponent of the peremptory challenge. Id.

In Purkett, the prosecutor's explanation for striking an African-American man was because "he had long, unkempt hair, a mustache, and a beard . . . ." Id. at 769. The Supreme Court held that this was a race-neutral reason that was sufficient to satisfy the second step of the inquiry. Id.

In this case, the government stated a number of reasons for using a peremptory challenge on the African-American woman. She graduated with a Theatre Arts degree from college, and the government believed that this indicated that she was liberal, and people who are liberal are more inclined to be opposed to the death penalty. The government also explained that during voir dire she talked about some views one of her college professors had shared with her about the death penalty including the belief that it was not economical and it did not act as a deterrent. Finally, her brother had spent some time in prison, and her answers on the questionnaire about that incident demonstrated a possible bias against law enforcement.

For the Native American man, the government also expressed a number of reasons for the use of its challenge. On his questionnaire, he stated that he believed in the death penalty only in "extreme circumstances," which the government viewed as a bias against imposing the death penalty. He was also a college professor in social studies, which the government believed demonstrated his liberal leanings. Finally, his brother had just recently gotten out of prison in June, so the government had a concern about his possible bias against law enforcement.

All of these reasons could apply equally to any race. See Purkett, 514 U.S. at 769 (quoting EEOC v. Greyhound Lines, Inc., 635 F.2d 188, 190 n.3 (3d Cir. 1980)) (stating that "[t]he wearing of beards is not a characteristic that is peculiar to any race."). When having unkempt hair, a mustache, and a beard is sufficient to satisfy the race-neutral prong, the reasons given by the

government in this case are more than sufficient.  Id.

For the last step of this inquiry, the court must determine whether the prosecutor's race-neutral explanations are credible.  Miller-El, 537 U.S. at 339.  "Credibility can be measured by, among other factors, the prosecutor's demeanor; by how reasonable, or how improbable, the explanations are; and by whether the proffered rationale has some basis in accepted trial strategy."  Id.

In this case, the prosecutor's demeanor came across as forthright and honest.  None of the explanations detailed above had any air of improbability to them.  The explanations appear reasonable in light of the fact that this is a death penalty case, and there will be many law enforcement officers testifying.  For the foregoing reasons, Defendant's Batson challenge is **DENIED**.

**IT IS SO ORDERED.**

Dated this 10th day of August, 2006.

    /s/ Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court