IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| Plaintiff, | ) | **ORDER DENYING MOTION TO** |
| | ) | **EXCLUDE ARDYCE WHALEN** |
| vs. | ) | |
| | ) | |
| Alfonso Rodriguez, Jr., | ) | Criminal Case No. 2:04-cr-55 |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant's Motion to Exclude the Testimony of Ardyce Whalen. The United States has filed a brief in opposition.

Defendant argues that Ms. Whalen's testimony should be excluded because he alleges that her testimony was hypnotically enhanced. Defendant alleges that the Court should apply the Eighth Circuit's assessment analysis to determine whether the hypnosis was sufficiently reliable to allow the testimony.

As a preliminary matter, the Court has grave reservations as to whether this analysis even applies to this case. The assessment of hypnotically-enhanced testimony has only been applied in cases where actual liability or guilt is being determined. See, e.g., Sprynczynatyk v. Gen. Motors Corp., 771 F.2d 1112, 1114 (8th Cir. 1985) (products liability case). In this case, the jury has already determined the guilt of the defendant beyond a reasonable doubt in Polk County File #6192. Defendant's arguments in this briefing again attack the propriety of that conviction, but the Court has already ruled that the conviction is admissible because Minnesota courts have upheld its validity. United States v. Rodriguez, 389 F. Supp. 2d 1135, 1140 (D.N.D. 2005).

1

Even if the Sprynczynatyk hypnosis analysis applies to this case, Ms. Whalen's testimony would still be valid. When determining the admissibility of hypnotically-enhanced testimony, the court's primary consideration is "whether the risk that the memory reflects a distorted memory is so great that the probative value of the testimony is destroyed." Sprynczynatyk, 771 F.2d at 1123. However, even if the court determines that certain parts of the testimony do reflect a distorted memory to the extent that the probative value of the testimony is destroyed, the court can permit the witness to testify to other events that are not tainted by hypnosis. Id. (citing State v. Seager, 341 N.W.2d 420 (Iowa 1983)).

In this case, the only purpose of Ms. Whalen's testimony is to establish whether the conduct involved in the conviction in Polk County File #6192 amounts to the infliction of serious bodily injury or the attempted infliction of serious bodily injury under 18 U.S.C. § 3592(c)(4). There is no allegation or any evidence that Ms. Whalen's recollection of the events on the evening of April 13, 1980 was influenced by hypnosis. The only allegation is that her identification of the perpetrator may have been distorted by hypnosis. The evidence shows that the hypnosis was only used to aid in her identification of the perpetrator from a photo lineup. Assuming, without deciding the issue,[1] that Ms. Whalen's identification of the perpetrator does reflect a sufficiently distorted memory, her testimony about the events of that evening would still be admissible because that testimony is not tainted by hypnosis. Sprynczynatyk, 771 F.2d at 1123.

---

[1] Unlike the hypnotized subject in Sprynczynatyk, Ms. Whalen did have pre-hypnotic recall of the fact in question. Compare 771 F.2d at 1115 (stating that his pre-hypnotic testimony directly contradicted his post-hypnotic testimony) with State v. Rodriguez, No. 6192, slip op. at 2 (Polk County Ct., Minn. June 5, 1980) (stating that Ms. Whalen identified Rodriguez from a photo lineup prior to hypnosis, and she drew a sketch of Rodriguez prior to hypnosis).

The admissibility of Ms. Whalen's testimony may pose a different question if the defendant offers to stipulate that this prior conviction involved the infliction of or the attempted infliction of serious bodily injury. With cases involving felons in possession of firearms, if a defendant stipulates to the fact of prior conviction, a district court abuses its discretion if it allows the prosecution to present evidence on prior convictions. Old Chief v. United States, 519 U.S. 172, 191 (1997). If Defendant stipulates that this conviction involved the infliction of or the attempted infliction of serious bodily injury, then Ms. Whalen's testimony may lose its probative value. Cf. Old Chief, 519 U.S. at 191.

## **DECISION**

Defendant's Motion to Exclude Ardyce Whalen is **DENIED**.

**IT IS SO ORDERED**.

Dated this 21st day of August, 2006.

                                                    /s/ Ralph R. Erickson
                                                  Ralph R. Erickson, District Judge
                                                  United States District Court