IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER REGARDING RELEASE** |
| Plaintiff, | ) | **OF A VIDEOTAPE AND** |
| | ) | **PHOTOGRAPHS** |
| vs. | ) | |
| | ) | Criminal File No. 2:04-cr-55 |
| Alfonso Rodriguez, Jr., | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received media requests for the compilation video of surveillance footage, which is government exhibit 33, and photographs comprising government exhibits 51 and 52.

Government exhibit 33 contains footage of Defendant in the Super Target store in Grand Forks and footage of Ms. Sjodin in the Marshall Field's store in Grand Forks. Previously this Court has ruled that the audiotape recordings of Defendant's interviews with police should not be released to the media. The Court's main concern was with the potential prejudice this could create because the audiotapes capture Defendant's own voice as he responds to questions regarding his whereabouts at the time Ms. Sjodin disappeared. With this videotape footage, it merely shows where these two individuals were during particular times. The Court cannot conceive of any prejudicial impact regarding this videotape footage. Therefore the Court will allow the media to obtain a copy of government exhibit 33.

Government exhibits 51 and 52 are pictures of the location where authorities found Ms. Sjodin's body and pictures of the body. It is a well-established right in both the common law and in our cultural traditions that family members have the right to control and limit death images of their relatives. Nat'l Archives & Records Admin. v. Favish, 541 U.S. 157, 167-68 (2004). Out of

1

respect and consideration for Ms. Sjodin's family, the Court will not allow the media to have any copies of photographs of the body.

Photographs 51-1, 51-2, 52-1, and 52-2 are aerial pictures of the landscape in the area, which are pictures the media could obtain on their own by visiting the site, so these photographs can be copied. Photographs 52-3, 52-4, 52-12, 52-13, 52-14, 52-15, and 52-16 are all photographs of the location, but they do not include the body, so these photographs can also be copied. The remaining photographs are death images, so they will not be made available for copying. Favish, 541 U.S. at 167-68.

## DECISION

The Clerk of Court will produce one pool copy of government exhibit 33 for the media. The Clerk will designate one media representative to release this pool copy to and that media representative will provide copies of the videotape to other media outlets who make a request. The pool representative shall not charge more than the actual cost of reproducing the videotape. The Clerk of Court may provide copies of the photographs marked as government exhibits 51-1, 51-2, 52-1, 52-2, 52-3, 52-4, 52-12, 52-13, 52-14, 52-15, and 52-16 to the media. The remaining photographs from exhibits 51 and 52 may be viewed by the media in the Clerk's Office, but they shall not be copied.

**IT IS SO ORDERED**.

Dated this 24th day of August, 2006.

                                                /s/ Ralph R. Erickson
                                                Ralph R. Erickson, District Judge
                                                United States District Court