IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | **ORDER DENYING MOTION TO** |
| Plaintiff, ) | **RECONSIDER ALLOWING PRIOR** |
| ) | **VICTIMS TO TESTIFY DURING** |
| vs. ) | **THE ELIGIBILITY PHASE** |
| ) | |
| Alfonso Rodriguez, Jr., ) | |
| ) | Criminal Case No. 2:04-cr-55 |
| Defendant. ) | |

Before the Court is Defendant's Motion to Reconsider the Court's previous orders allowing Rodriguez's victims from case numbers 5438 and 5447 to testify at the eligibility phase of the trial. The United States filed a brief in opposition.

The cases cited by Defendant fall into two categories. The first category is cases that deal with the trial court finding facts necessary to impose a sentence. Those cases have no application here because this is a capital case. In capital cases, the judge is not allowed to choose the sentence. See Ring v. Arizona, 536 U.S. 584, 589 (2002) (stating that the jury must make the factual determinations on aggravating factors in capital cases). Only the jury is allowed to make the pertinent factual determinations to decide on the appropriate sentence. Id.

The second category of cases involve legal determinations made by the trial court. It is worth noting that this second category of cases also involves situations where the judge is allowed to determine the appropriate length of the sentence. These cases are either under the Armed Career Criminal Act or the Sentencing Guidelines where the judge has to analyze the legal elements of a prior offense or engage in an analysis of the hypothetical results of a prior offense. As explained

1

in previous orders, the language of the FDPA does not relate to the legal elements of the prior offense or inquire about the hypothetical consequences of a prior offense.

Defendant alleges that the language of section 4B1.2(a)(2) of the Sentencing Guidelines is similar to the language of 18 U.S.C. § 3592(c)(4) such that the Court should follow the case law on section 4B1.2(a)(2) when interpreting the application of 18 U.S.C. § 3592(c)(4). Section 4B1.2 states that a crime of violence includes an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." The "serious offenses" language of 18 U.S.C. § 3592(c)(4) states, in pertinent part, that the prior offense "involv[ed] the infliction of, or attempted infliction of, serious bodily injury or death upon another person." Defendant argues that since both passages use the word "involve" the interpretation should be the same.

The operative word in section 4B1.2(a)(2) is "potential." The FDPA does not include this modifier under the "serious offenses" aggravating factor. 18 U.S.C. § 3592(c)(4). If the statute only required a finding that the prior offense involved the "potential" infliction of serious bodily injury, the Court would not hesitate to make a legal determination that sexual assault does involve the potential for serious bodily injury. See United States v. Rivera, 83 F.3d 542, 548 (1st Cir. 1996) (stating that rape "is a unique and reprehensible physical and psychic invasion").

The only capital sentencing cases cited by Defendant support the Court's previous rulings on this issue. See, e.g., United States v. Higgs, 353 F.3d 281, 316 (4th Cir. 2003). Defendant has not provided any new reasons that convince the Court that its prior decisions on this issue were in error.

## **DECISION**

Defendant's Motion to Reconsider is **DENIED**.

**IT IS SO ORDERED**.

Dated this 29th day of August, 2006.

                                                               /s/ Ralph R. Erickson
                                            Ralph R. Erickson, District Judge
                                            United States District Court