IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER LIMITING THE SCOPE OF** |
| | ) | **TESTIMONY FROM DEFENDANT'S** |
| vs. | ) | **FAMILY MEMBERS** |
| | ) | |
| Alfonso Rodriguez, Jr., | ) | Criminal No. 2:04-cr-55 |
| | ) | |
| Defendant. | ) | |

Before the Court is the United States' Motion to Exclude Testimony on Execution Impact and Testimony of Expressions of Affection for Defendant. Defendant filed a brief in response.

The government seeks to exclude any testimony regarding the affection Rodriguez's family members have for him, the impact a death sentence would have on them, and any opinions they have on what the appropriate sentence should be. Courts are split on whether testimony from a defendant's family members stating that they have affection for the defendant constitutes evidence for a mitigating factor. Some courts believe that the fact that a family member has affection for the defendant provides information about the defendant's character because he must possess some redeeming qualities to have earned that affection. United States v. Fell, No. 2:01-cr-12-01, 2005 WL 1634067, at *2 n.1 (D. Vt. July 5, 2005). Other courts believe that these statements of affection reveal nothing about a defendant's character because it is not a certainty that a mother, or any relative, only expresses love for her son or a relation who has earned it. Coleman v. Saffle, 869 F.2d 1377, 1393 (10th Cir. 1989).

The Court will take the same approach to testimony from Defendant's family members that it will take with respect to victim impact testimony. An expression of love or affection for the defendant provides no relevant information for the jury to consider. Id. The Court will limit the

1

testimony of Defendant's family members to categories such as activities they engaged in with him or statements regarding the general nature of his character.

As far as testifying about the kind of loss the defendant's death would have on them, the Court will allow brief testimony that goes to the nature of the relationship they expect that they could still have with him while he is in prison. Just as with victim impact testimony, the Court will not permit purely emotional pleas to the jury.

As far as allowing the defendant's family members to express their opinion about what sentence the defendant should receive, the courts have answered this issue in the same way they have answered it regarding victim impact statements. The defendant's family members may not express any opinions about what sentence the defendant should receive because this interferes with the jury's duty to choose the appropriate sentence. Robison v. Maynard, 829 F.2d 1501, 1505 (10th Cir. 1987). Therefore, Defendant's family members may not express an opinion regarding what sentence he should receive.

**IT IS SO ORDERED.**

Dated this 8th day of September, 2006.

       /s/ Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court