IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER ON SELECTION PHASE** |
| | ) | **MOTIONS IN LIMINE** |
| vs. | ) | |
| | ) | Criminal No. 2:04-cr-55 |
| Alfonso Rodriguez, Jr., | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court are several motions in limine from the United States regarding the scope of evidence and arguments that will be allowed during the selection phase. Defendant has either filed briefs in response or informed the Court of his position on these issues.

### I. Ability to "Safely" House Defendant

The government seeks to exclude any evidence regarding the conditions of confinement in a federal penitentiary. Defendant informed the Court that he has no intention of presenting any evidence on this issue. Therefore, this motion is **MOOT**.

### II. Death Verdict Never Required Arguments

The government seeks to exclude any arguments that the imposition of the death penalty is never required and that the lack of unanimity about the sentence is itself a verdict. Under the FDPA, a jury is required to consider whether the aggravating factors it found to exist sufficiently outweigh all the mitigating factors to justify a sentence of death. 18 U.S.C. § 3593(e). If no jurors find the existence of any mitigating factors, then the jury must consider whether the aggravating factors alone are sufficient to justify a sentence of death. Id. In either case, if the jurors unanimously agree that the aggravating factors sufficiently outweigh the mitigating factors or the aggravating factors alone are sufficient, then the jury must recommend a sentence of death. Id. The FDPA does not

1

contain a "second, substantive determination regarding a sentence of death once it decides that a sentence of death is indeed justified." United States v. Allen, 247 F.3d 741, 781 (8th Cir. 2001).[1] Therefore, the following language from Defendant's proposed jury instructions would be an incorrect statement of the law: "Even if unanimous findings are made beyond a reasonable doubt that permit imposition of the death penalty, the jury may still unanimously conclude that life imprisonment without the possibility of release is the proper sentence . . . ." The FDPA does not allow jurors to arbitrarily disregard its "unanimous determination that a sentence of death is justified." Id.

Similarly, the Eighth Circuit Model Jury Instructions do not include the phrase that the jury is "never" required to recommend a sentence of death. Model Instruction No. 12.11 expresses the language of 18 U.S.C. § 3593 when explaining how to weigh aggravating factors and mitigating factors.

However, nothing in the FDPA precludes the jury from taking into account mercy as it decides whether the aggravating circumstances outweigh the mitigating circumstances. Allen, 247 F.3d at 781. Defense counsel is certainly permitted to urge the jury to be merciful in its deliberations. Id. at 782.

As to the issue of the lack of unanimity itself constituting a verdict, this argument is partially one of semantics. In a criminal case, a "verdict" is the unanimous, formal decision or finding of the jury. Black's Law Dictionary 1398 (5th ed. 1979). When a jury is unable to reach a unanimous

---

[1] This is different from the death penalty provisions under the Controlled Substances Act (CSA). Allen, 247 F.3d at 781. In that law, Congress clearly created a second, substantive determination by including the language "regardless of its findings with respect to aggravating and mitigating factors, [the jury] is never required to impose a death sentence." Id. (quoting 21 U.S.C. § 848(k)). This comparison of the CSA with the FDPA further strengthens the plain language conclusion that the FDPA does not allow the jury to reject its unanimous conclusion that the aggravating factors sufficiently outweigh the mitigating factors. Id. If Congress had intended a second, substantive conclusion regarding the imposition of a death sentence, it would have included this same language in the FDPA. Id.

sentencing recommendation, it is considered a breakdown in the deliberative process. Jones v. United States, 527 U.S. 373, 382 (1999). Therefore, to refer to a non-unanimous decision in a criminal case as a "verdict" would be contrary to the common understanding of that word.

As far as informing the jury about the consequences of a non-unanimous decision, this argument would be permissible because it is an accurate statement of the law. Instruction 12.11 of the Eighth Circuit Model Jury Instructions, which reflects the language of the FDPA, informs the jury that if one or more jurors find the mitigating factors to outweigh the aggravating factors then the jury must return a sentence of life in prison without possibility of release. Therefore, arguments that inform the jury of this fact are simply stating the law.

### III. Residual Doubt

The government next seeks to exclude any arguments on residual doubt as a mitigating factor. In the cases where the Supreme Court has discussed this issue, it has never had to make a definitive ruling on whether residual doubt is permitted in a capital trial. However, the dicta from these cases provides a strong indication that it would be opposed to residual doubt if it had to make a decision. See Oregon v. Guzek, 126 S. Ct. 1226, 1231-32 (2006) (stating that the Court has not interpreted the Eighth Amendment to allow a capital defendant to introduce evidence "designed to cast 'residual doubt' on his guilt of the basic crime of conviction."); Franklin v. Lynaugh, 487 U.S. 164, 175 (1988) (referring to residual doubt as a "questionable proposition"). In addition, it is clear that some Justices would explicitly reject the concept of residual doubt. Guzek, 126 S. Ct. at 1233 (Scalia, J., concurring).

The FDPA allows the jury to consider other mitigating factors that relate to the "defendant's background, record, or character or any other circumstance of the offense that mitigate against imposition of the death sentence." 18 U.S.C. § 3592(a)(8). The concept of residual doubt is that

jurors may have some lingering doubts, that are more than the burden of proof of beyond a reasonable doubt, about the defendant's guilt.  Since the issue of Defendant's guilt has already been established at this point, and residual doubt does not relate to the background or character of the defendant or the circumstances of the offense, it is not an appropriate mitigating factor.  Based on the reasons above, the Court will not submit residual doubt as a mitigating factor nor will it instruct the jury on residual doubt.

**IT IS SO ORDERED.**

Dated this 9th day of September, 2006.

    /s/ Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court