IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| Plaintiff, | ) | **ORDER ON MOTION TO** |
| | ) | **EXCLUDE VICTIM IMPACT** |
| vs. | ) | **TESTIMONY** |
| | ) | |
| Alfonso Rodriguez, Jr., | ) | Criminal File No. 2:04-cr-55 |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant's Motion to Exclude Victim Impact Evidence. The United States filed a brief in opposition. The Court held a hearing on the motion on July 5, 2006. The Court held another hearing on this issue on September 11, 2006. Based on the briefs of the parties, the applicable law, the arguments of counsel, and the evidence submitted, the Court issues the following decision.

Under the FDPA, the United States may present testimony during the penalty phase that relates to the "effect of the offense on the victim and the victim's family" and "the extent and scope of the injury and loss suffered by the victim and the victim's family . . . ." 18 U.S.C. § 3593(a). The scope of victim impact testimony allowed by the FDPA is consistent with the Supreme Court's holdings. See, e.g., Payne v. Tennessee, 501 U.S. 808, 827 (1991) (stating that the Eighth Amendment allows the government to introduce evidence about the victim and about the impact of the murder on the victim's family as relevant to the issue of whether the death penalty should be imposed). Friends of the victim may present victim impact evidence. United States v. Nelson, 347 F.3d 701, 713 (8th Cir. 2003) (upholding the district court's decision to allow victim impact testimony from the victim's classmate, friend, and teacher).

To the extent Defendant's motion seeks to exclude victim impact testimony on the basis that

1

a witness is a friend of Dru Sjodin, that argument is without merit. <u>Nelson</u>, 347 F.3d at 713. However, the testimony that Defendant quotes from the outlines of the victim impact testimony that the government has provided would be inadmissible.

Some of these quoted statements relate to the impact the crime had on Ms. Sjodin's friends. This sort of testimony goes beyond that permitted by victim impact testimony, and the Court will not allow it into evidence. <u>See</u> 18 U.S.C. § 3593(a) (stating that victim impact evidence relates to the victim and the victim's family); <u>Payne</u>, 501 U.S. at 827 (same).

Other quoted statements relate to the witness' opinion about the crime or the witness' opinion about the type of punishment Rodriguez should receive. (Def. Mem. Supp. Mot. Regarding Victim Impact Evid. at 5-6.) Opinions about the nature of the crime and statements about the type of punishment a defendant should receive are inappropriate victim impact testimony. <u>Booth v. Maryland</u>, 482 U.S. 496, 508-09 (1987). Therefore, this type of testimony will also be inadmissible.

Finally, the Court has concerns about the potential prejudicial impact of this kind of testimony if the witnesses make statements of affection for Ms. Sjodin or they make statements that she had affection for them. Emotional appeals to the jury have the potential for overcoming the jurors' rational decision-making process. The witnesses can adequately convey these emotions through factual statements about the kind of person she was, and the interaction they had with her. Therefore the Court will not allow statements of love and affection during the victim impact testimony.

**IT IS SO ORDERED**.

Dated this 18th day of September, 2006.

                                                                      <u>/s/ Ralph R. Erickson</u>
                                                                      Ralph R. Erickson, District Judge
                                                                      United States District Judge