UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

_____

|                                         |   |                                          |
|-----------------------------------------|---|------------------------------------------|
| UNITED STATES OF AMERICA,               | : | Docket # 2:04-cr-55                       |
|                                         | : |                                          |
| Respondent,                             | : | Hon. Ralph R. Erickson                   |
|                                         | : | Chief United States District Court Judge |
| v.                                      | : |                                          |
|                                         | : | Capital 2255 Proceedings                 |
| ALFONSO RODRIGUEZ, JR.,                 | : |                                          |
|                                         | : |                                          |
| Petitioner.                             | : |                                          |

_____  :

### PETITIONER'S MOTION FOR AN ADDITIONAL TWENTY-ONE DAYS TO RESPOND TO THE GOVERNMENT'S MOTION TO SEEK OR TO GAIN FULL ACCESS TO TRIAL ex PARTE MOTIONS, ORDERS, REPORTS, AND PROCEEDINGS

Alfonso Rodriguez, through counsel, files this motion seeking an additional twenty-one days to respond to the government's motion seeking full access to various *ex parte* documents

1.    The government has moved to obtain access to 51 sealed and *ex parte* documents, all of which were placed on the Court's docket before and during trial.[1] In support of its motion, the government rested on a blanket claim that petitioner waived all privileges when he alleged that trial counsel provided ineffective

---

[1] Pursuant to Local Rule 7.1 (B), Petitioner's response to this non-dispositive motion is due fourteen days following the government's filing, or November 5, 2012.  Petitioner's request for twenty-one additional days would make his response

representation.  The motion was otherwise conclusory and generic, making no attempt to articulate how any given document may have been relevant either to the government's answer or the petitioner's allegations.

2.     The government did not confer with petitioner's counsel prior to filing the motion.

3.     The government's position is odd.  At the January 9, 2012 status conference, petitioner's counsel related his efforts to engage with the government in a process of informal discovery in order to facilitate the litigation. Counsel renewed this suggestion at the status conference and proposed that the Court and parties adopt a discovery schedule. The government resisted both suggestions, insisting that discovery wait until after the government had answered.  *See Tr.* 1/9/12, 9 ("my approach would be that the Court allows the United States to file this answer, and at that time the parties know where they stand in terms of potential requests for discovery").  The Court acceded to the government's position.

4.     In order to try to square the instant motion with its previous position, the government declares that it does not seek discovery.  This is a dubious assertion, of course, since the government seeks access to material that is otherwise

due November 26, 2012.

unavailable to it without the Court's intervention and in particular its supervision of the privilege questions that undoubtedly will arise. Indeed, in its motion, the government argues about the applicability of discovery-related privileges. Access Motion, 2-3.

5. Petitioner certainly does not accept that he has made a blanket waiver of his privileges, and takes issue with the government's efforts to go back on its position articulated last January. Nonetheless, counsel may have no objection to the release of at least some of the 51 documents sought by the government. Before counsel can say with certainty, however, it must review and analyze the documents to assess what privileges may apply and whether and to what extent, at least in petitioner's view, these privileges have been waived. This review will also permit petitioner to assess whether these requests should be considered discovery and therefore await the schedule previously demanded by the government and established by the Court.

6. It may be that at the conclusion of counsel's review, counsel will consent to the disclosure of some of the documents even before the government files its answer to the 2255 Motion. Before counsel can set forth any position, however, they require additional time to review these voluminous documents and to file a proper response.

WHEREFORE, counsel for Petitioner requests until November 26, to file their response to the government's motion.

Respectfully

/s/ Michael Wiseman

Michael Wiseman
Signing for All Counsel
PO Box 120
Swarthmore, PA 19081
Wiseman_Law@Comcast.Net
215-450-0903

| | |
|---|---|
| Andrew Mohring | Joseph Margulies |
| Katherine Menendez | Roderick MacArthur Justice Center |
| Federal Public Defender Office | Northwestern University Law School |
| Minneapolis, MN 55415 | 300 S. 4th Street, Suite 107 |
| 612-664-5858 | Chicago, IL 60611 |
| Andrew_Mohring@fd.org | 312-503-0890 |
| Kate_Menendez@fd.org | j-margulies@law.northwestern.edu |

Dated:        October 30, 2012
                 Swarthmore, Pennsylvania

## CERTIFICATE OF SERVICE

I, Michael Wiseman, hereby certify that on this 30th day of October, 2012 served a copy of the foregoing upon the following persons by filing the same with this Court's ECF filing system:

Keith W. Reisenauer
Assistant United States Attorney

/s/ Michael Wiseman
Michael Wiseman

4