IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | |
| v. ) | Criminal No. 2:04-cr-55 |
| ) | |
| ALFONSO RODRIGUEZ, JR., ) | |
| ) | |
| Defendant/Petitioner. ) | |

## MOTION FOR WITHDRAWAL, SUBSTITUTION, AND APPOINTMENT OF COUNSEL

Undersigned counsel for petitioner Alfonso Rodriguez, Jr., specifically, the Federal Public Defender for the District of Minnesota (Minnesota FPD), and appointed CJA counsel Michael Wiseman and Joseph Margulies, joined by the Federal Community Defender Office for the Eastern District of Pennsylvania (FCDO), respectfully move the Court for leave to withdraw from this matter and for the Court to appoint the FCDO in their place. Counsel state as follows in support of this motion:

1. Petitioner was convicted of and capitally sentenced for an interstate kidnaping resulting in death, and the conviction and sentence were affirmed on direct appeal. *See United States v. Rodriguez*, 581 F.3d 775 (8th Cir. 2009), *cert. denied*, 562 U.S. 981 (2010). His petition for post-conviction relief under 28

U.S.C. § 2255 has been pending since October 2011, and the Court has scheduled evidentiary hearings for November 2016 and January 2017. Docs. 1005, 1006.

2. The Court has found Mr. Rodriguez to be indigent and appointed Michael Wiseman and Joseph Margulies to represent him as learned capital counsel under the Criminal Justice Act, along with the Minnesota FPD. The Federal Public Defender for the District of North Dakota has also been appointed as local counsel.

3. The Minnesota FPD and learned counsel have been responsible for the bulk of post-conviction investigation and litigation. Personnel changes at the Minnesota FPD and changes in the staffing formulae for the federal defender system prevent the office from continuing to perform this role. In light of these developments, the Minnesota FPD and the two learned counsel jointly requested the assistance of the FCDO. The North Dakota FPD would continue to serve as local counsel and also supports the FCDO's appointment.

4. The FCDO has a staff of post-conviction litigators, investigators, and paralegals with extensive experience and substantial expertise in federal capital post-conviction proceedings under 28 U.S.C. § 2255, federal capital habeas corpus litigation arising from state court convictions, and executive clemency proceedings. The FCDO has been appointed to represent numerous prisoners outside of its district, including several prisoners within the Eighth Circuit. *See*, *e.g.*, *Allen v. United States*, 4:07-CV-00027-ERW (E.D. Mo.); *Johnson v. Steele*,

No. 4:13-CV-2046-CEJ (E.D. Mo.); *Rankin v. Norris*, No. 5:06-MC-00001-WRW (E.D. Ark.).

5.  A number of practical considerations support FCDO's request for appointment. First, the North Dakota FPD lacks a capital habeas unit and the substantial in-house experience of the FCDO. Second, private counsel support the FCDO's appointment in light of the office's expertise and experience, and they would withdraw if the requested were to be granted. That development would spare the Court substantial resources because the FCDO would not seek court funding for attorney hours, support services, expert expenses, travel, or any other expenses. The FCDO is adequately staffed and funded to assume representation in this case. Finally, Mr. Rodriguez's case has required substantial investigative work in Texas; because the FCDO has numerous cases pending there, the remaining investigation could be completed in a cost-effective manner.

6.  Federal defender policy requires a court appointment in order for the FCDO to represent a prisoner outside of Pennsylvania. Consistent with that same policy, the FCDO sought and received permission from the Administrative Office of the United States Courts' Defender Services Office (DSO) to apply to this Court for an out-of-district appointment in this matter. The DSO's protocol included notification of the possible appointment to the Chief Judge of the Eighth Circuit Court of Appeals, who has posed no objection.

WHEREFORE, for all the foregoing reasons, counsel respectfully request that the Court appoint the Federal Community Defender for the Eastern District of Pennsylvania as counsel for petitioner in these proceedings.  As requested, we have informed opposing counsel of this motion and the changes it seeks.  With the Court's approval, outgoing counsel will remain involved to facilitate the transition.

Dated:  March 14, 2016					Respectfully submitted,

/s/ Andrew H. Mohring
Andrew H. Mohring
Federal Public Defender Office
District of Minnesota
300 S. 4th Street, Suite 107
Minneapolis, MN 55415
612-664-5858
Email - andrew_mohring@fd.org

/s/ Joseph Margulies
Joseph Margulies
Cornell Law School
Myron Taylor Hall
Ithaca, NY 14853-4901
607- 216-2289
Email - jm347@cornell.edu

/s/ Michael Wiseman
Michael Wiseman
P.O. Box 120
Swarthmore, PA 19081
215-450-0903
Email - wiseman_law@comcast.net

*Counsel for Petitioner*

/s/ Shawn Nolan
Shawn Nolan
Chief, Capital Habeas Unit
Federal Community Defender for the
Eastern District of Pennsylvania
601 Walnut Street - Suite 545 West
Philadelphia, PA  19106
(215) 928-0520
Email – shawn_nolan@fd.org