# PARK DIETZ & ASSOCIATES, INC.
## Forensic Consultants in Medicine and the Behavioral Sciences

**Administrative Offices**

2906 Lafayette
Newport Beach, CA  92663
Tel:  949-723-2211
Fax:  949-723-2212
Email: expert@parkdietzassociates.com
Website: www.parkdietzassociates.com

**Forensic Psychiatry**

Park Dietz, MD, MPH, PhD
  President
Eugene Beresin, MD
Bennett Blum, MD
John Bradford, MB, ChB
Andre Derdeyn, MD
Graham Glancy, MB, ChB
Bruce Harry, MD
Mark J. Hauser, MD
Joseph Kenan, MD
Stuart Kleinman, MD
Daryl Matthews, MD, PhD
Steven Pitt, DO
Richard T. Rada, MD
Gregory Saathoff, MD

**Forensic Pathology**

·cey S. Corey, MD
 ɔrge R. Nichols II, MD

**Forensic Neurology**

David Griesemer, MD
Helen Mayberg, MD

**Forensic Psychology**

Joel Dvoskin, PhD
Stephen D. Hart, PhD
Kirk Heilbrun, PhD
Elizabeth Loftus, PhD
Daniel A. Martell, PhD
Ronald Roesch, PhD
Erin Spiers, PsyD

**Forensic Social Work**

Cheryl Regehr, PhD
Janet I. Warren, DSW

**Criminology**

Larry Ankrom, MS (FBI ret.)
Kenneth Lanning, MS (FBI ret.)
Gregg McCrary, MA (FBI ret.)
Ronald Walker, MA (FBI ret.)
James Wright, MPA (FBI ret.)
John Yarbrough (LASD ret.)

**rity**

ɜernard Banahan
ʀobert Hayes, CPP, CFE

August 24, 2006

PERSONAL & CONFIDENTIAL    VIA FACSIMILE & OVERNIGHT DELIVERY

Mr. Steven E. Holtshouser
Assistant United States Attorney
c/o U.S. Department of Justice
United States Attorney-Eastern District
  of Missouri
Thomas F. Eagleton Courthouse
111 South 10th Street, 20th Floor
St. Louis, Missouri 63102

*Re:  United States vs. Alfonso Rodriguez, Jr.*

Dear Mr. Holtshouser:

Pursuant to your request, I recently conducted a psychiatric evaluation of Alfonso Rodriguez, Jr.

**IDENTIFYING INFORMATION:**

Alfonso Rodriguez, Jr., is a 53-year-old, Hispanic male charged with kidnapping resulting in the death of 22-year-old Dru Katrina Sjodin. The instant offense is alleged to have occurred on or about November 22, 2003.

Given your familiarity with the events which are alleged to have transpired prior and subsequent to the above captioned date, I will forego a detailed review of this information. Suffice it to say, the instant evaluation was requested in order to provide potential rebuttal testimony that includes, but is not limited to, Mr. Rodriguez' capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law;

Exhibit D

Mr. Steven E. Holtshouser
Assistant United States Attorney
*Re: United States vs. Alfonso Rodriguez*
August 24, 2006
Page 2


whether or not Mr. Rodriguez was under duress at the time he allegedly committed the offense; whether or not Mr. Rodriguez was under severe mental or emotional disturbance at the time he allegedly committed the offense; and whether or not there was anything in the defendant's background record or character that would mitigate against imposition of the death penalty.

In addition, you asked me to ascertain whether or not Mr. Rodriguez has ever suffered from a mental disease, defect or impairment, and whether or not anything in his past or present mental condition could account for or explain his commission of this offense.

Finally, you asked me to comment on whether or not the following issues contributed to Mr. Rodriguez' alleged commission of the instant offense:

- purportedly being sexually abused as a child
- purportedly being the victim of racial harassment
- abuse of alcohol or illicit drugs
- circumstances in his home life
- alleged exposure to harmful chemicals or fertilizers during periods of his life
- periods of institutionalization
- lack of treatment by the State of Minnesota

Specifically, in your letter dated August 21, 2006 *(Exhibit "A")*, you wrote, in part:

1.  18 U.S.C. §3592(a)(1) Impaired capacity: Was defendant's capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law significantly impaired? If not, was it impaired to any extent?

2.  18 U.S.C. §3592(a)(2) Duress: Was defendant under unusual and substantial duress at the time of the offense. If not, was he under any level of duress?


Exhibit D

Mr. Steven E. Holtshouser
Assistant United States Attorney
*Re: United States vs. Alfonso Rodriguez*
August 24, 2006
Page 3

3.  <u>18 U.S.C. §3592(a)(6) Disturbance: Did the defendant commit the offense under a severe mental or emotional disturbance? If not severe, was the offense committed under any mental or emotional disturbance?</u>

4.  <u>18 U.S.C. §3592(a)(8): From a mental health standpoint, is there anything in defendant's background, record or character or any other circumstance that would mitigate against imposition of the death penalty?</u>

5.  <u>Does the defendant or has he ever suffered from a mental disease, defect or impairment?</u>

6.  <u>Does anything in his past or present mental condition account for or explain his commission of this offense?</u>

    We have some indication that the defense may rely on the effects of his alleged sexual abuse as a child, his claimed racial harassment, his claimed abuse of alcohol and illicit drugs, the circumstances of his home life, his alleged exposure to allegedly harmful chemicals and fertilizers during periods in his life, various lengthy periods of institutionalization and incarceration, and his treatment or lack of treatment by the State of Minnesota. Please attempt to address these issues in your reports and conclusions.

**SOURCES OF INFORMATION**:

1.  Alfonso Rodriguez, Jr., was interviewed at the Quentin N. Burdick U.S. Courthouse in Fargo, North Dakota on Friday, August 4, 2006 for approximately 5.1 hours, not including breaks;

2.  Records Summary and Chronology prepared by James A. Wright, FBI, Ret., of Park Dietz & Associates *(Exhibit "C")*;

Exhibit D

Mr. Steven E. Holtshouser
Assistant United States Attorney
*Re: United States vs. Alfonso Rodriguez*
August 24, 2006
Page 4

3.  Amended Order Granting Motion for Mental Health Evidence *Re: United States of America vs. Alfonso Rodriguez, Jr.,* dated June 26, 2006, 6 pages;

4.  Defendant's Rule 12.2 Disclosure to Firewall Attorneys *Re: United States of America vs. Alfonso Rodriguez, Jr.,* dated June 27, 2006, 2 pages;

5.  Correspondence from Ms. Angela D. Daniel, Legal Assistant, Ney, Adams & Sylvester, to Mr. Steven Holtshouser, Assistant U.S. Attorney, dated June 27, 2006, 1 page including:

    a.  Affidavit of Service by Mail Re: Defendant's Rule 12.2 Dissolution to Firewall Attorneys, dated June 27, 2006, 1 page;

    b.  Defendant's Rule 12.2 Disclosure to Firewall Attorneys, dated June 27, 2006, 2 pages;

    c.  Curriculum Vitae of Marilyn A. Hutchinson, Ph.D., 3 pages; and

    d.  Curriculum Vitae of Karen Bronk Froming, Ph.D., A.B.P.P., 9 pages.

6.  Letter from Steven E. Holtshouser, Assistant United States Attorney, to Steven E. Pitt, D.O., *Re: United States vs. Alfonso Rodriguez,* dated July 10, 2006, 2 pages;

7.  Affidavit of Steven E. Pitt, D.O., dated July 18, 2006, 3 pages;

8.  Correspondence from Steven E. Holtshouser, Assistant United States Attorney, to Steven E. Pitt, D.O., *Re: Alfonso Rodriguez,* dated July 27, 2006, 1 page;

Exhibit D

Mr. Steven E. Holtshouser
Assistant United States Attorney
*Re: United States vs. Alfonso Rodriguez*
August 24, 2006
Page 5

9.  Order on Objection to Government's mental health experts *Re: United States of America vs. Alfonso Rodriguez, Jr.,* dated July 28, 2006, 6 pages;

10. Government's reply to defendant's response and objections to Government's disclosure of mental health experts, *Re: United States of America vs. Alfonso Rodriguez, Jr.,* dated July 18, 2006, 16 pages;

11. Statement regarding Amended Order Granting Motion for Mental Health Evidence, *Re: United States of America vs. Alfonso Rodriguez, Jr.,* dated July 31, 2006, 1 page;

12. Transcript of Psychiatric Evaluation of Alfonso Rodriguez, conducted by Steven E. Pitt, D.O., dated August 4, 2006, 277 pages *(Exhibit "B");*

13. Fee Schedule of Steven E. Pitt, D.O. *(Exhibit "E");*

14. List of Court and Deposition Testimony of Steven E. Pitt, D.O. *(Exhibit "F");* and

15. DVD of psychiatric evaluation of Alfonso Rodriguez.

**QUALIFICATIONS OF EXAMINER:**

I have enclosed a copy of my curriculum vitae which outlines my qualifications to perform this examination. *(Exhibit "D")*

**STATEMENT OF NON-CONFIDENTIALITY:**

Prior to formally beginning the instant evaluation, Alfonso Rodriguez, Jr., was informed of the purpose of the evaluation, the manner in which it would be reported, and the lack of confidentiality inherent therein.  Mr. Rodriguez understood the aforementioned explanation and agreed to proceed.

Exhibit D

Mr. Steven E. Holtshouser
Assistant United States Attorney
*Re: United States vs. Alfonso Rodriguez*
August 24, 2006
Page 6

**N.B.**:

As part of the instant evaluation, I conducted a semi-structured interview that covered subject matter which pertained, but was not limited to, Mr. Rodriguez' psychiatric history, medical history, legal history, relationship history, and employment history. My associate, Dr. Dan Martell joined me during the evaluation and met with Mr. Rodriguez on Saturday to perform neuropsychological testing.

Prior to beginning the instant evaluation, I discussed with Mr. Rodriguez my desire to have the evaluation video recorded and audiotaped. Mr. Rodriguez was aware that the interview was being audiotaped, video recorded and would be transcribed, and agreed to proceed. To this end, included within the packet of information provided to you, is a transcript of my interview with Mr. Rodriguez, in addition to unedited DVD's of my interview. *(Exhibits "B" and "G")*

As part of my report preparation, I reviewed a records summary and chronology prepared by James Wright, FBI, Ret. *(Exhibit "C")* I also had an opportunity to independently review the source documents in this case.

**ISSUE OF DIAGNOSIS/FORENSIC OPINIONS**:

***Cautionary Statement:*** **In an effort to avoid repetition of information already included within the transcript, I will not repeat this information in detail in the body of my report. Rather, my report will reference those areas in the transcript where the reader can find the information that was covered in the interview. Failure to read the transcript, watch the videotape, and therefore rely only on that information included in the Diagnostic and Forensic Opinion sections of this report *may* result in an incomplete understanding about how I reached my conclusions. For this reason, the reader is encouraged to watch the videotaped interview and read the transcript of my interview, *prior* to reading the Diagnostic**

Exhibit D

Mr. Steven E. Holtshouser
Assistant United States Attorney
*Re: United States vs. Alfonso Rodriguez*
August 24, 2006
Page 7

**and Forensic Opinion sections of this report.**

In your letter, dated August 21, 2006 *(Exhibit "A")*, you asked me to answer several questions. I will take this opportunity to summarize my answers to each question. However, before doing so, I remind you that pursuant to Court Order, I was prohibited from asking Mr. Rodriguez questions about his conduct prior to, during, or after the commission of the alleged instant offense. Finally, I am aware that my associate, Dr. Dan Martell has been asked by you to answer the same questions that I have been asked to answer and has prepared his own report. To this end, I have deferred commenting about the defendant's performance on neuropsychological tests and the presence or absence of a neuropsychological impairment, to Dr. Martell.

1.   18 U.S.C. §3592(a)(1) Impaired capacity: Was defendant's capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law significantly impaired? If not, was it impaired to any extent?

If in fact, Alfonso Rodriguez, Jr., committed the instant offense, the records I reviewed indicate that his pre-offense, offense and post-offense behavior were goal directed and done in such a way as to conceal his involvement in the crime and avoid detection and arrest.

In sum, it is my opinion, to a reasonable degree of medical probability that if Alfonso Rodriguez, Jr., committed the instant offense, he was able to appreciate the wrongfulness of his conduct and conform his conduct to the requirements of the law.

2.   18 U.S.C. §3592(a)(2) Duress: Was defendant under unusual and substantial duress at the time of the offense. If not, was he under any level of duress?

Exhibit D

Mr. Steven E. Holtshouser
Assistant United States Attorney
*Re: United States vs. Alfonso Rodriguez*
August 24, 2006
Page 8

If in fact, Alfonso Rodriguez, Jr., committed the instant offense, the records I reviewed, including offense reports and supplemental reports (replete with statements made by Mr. Rodriguez), indicate that he was not under unusual or substantial duress at the time of the offense.

In sum, it is my opinion, to a reasonable degree of medical probability, that the defendant was not under unusual and substantial duress at the time of the offense, nor was he under any level of duress.

3.    18 U.S.C. §3592(a)(6) Disturbance: Did the defendant commit the offense under a severe mental or emotional disturbance? If not severe, was the offense committed under any mental or emotional disturbance?

If in fact, Alfonso Rodriguez, Jr., committed the instant offense, the records I reviewed indicate that the defendant did not commit the offense under a severe mental or emotional disturbance, or any mental or emotional disturbance.

4.    18 U.S.C. §3592(a)(8): From a mental health standpoint, is there anything in defendant's background, record or character or any other circumstance that would mitigate against imposition of the death penalty?

It is my opinion, to a reasonable degree of medical probability, that there is nothing in Mr. Rodriguez' background history, record or character, or any other circumstance that would mitigate against imposition of the death penalty.

5.    Does the defendant or has he ever suffered from a mental disease, defect or impairment?

Mr. Rodriguez does have a remote history of alcohol abuse and perhaps illicit drug abuse. He also has a history of experiencing episodic periods of anxiety and depression. To be

Exhibit D

Mr. Steven E. Holtshouser
Assistant United States Attorney
*Re: United States vs. Alfonso Rodriguez*
August 24, 2006
Page 9

sure, Mr. Rodriguez' remote history of alcohol abuse would constitute a mental disease. That said, it is my opinion, to a reasonable degree of medical probability, that there is no data to support the fact that around the time of the commission of the instant offense, Mr. Rodriguez was abusing alcohol. Moreover, there is no data to indicate that when we met, Mr. Rodriguez was suffering from an active mental disease, defect or impairment.

6.   Does anything in his past or present mental condition account for or explain his commission of this offense?

It is my opinion, to a reasonable degree of medical probability, that there is nothing in Mr. Rodriguez' past or present mental condition to account for or explain his alleged commission of the instant offense.

We have some indication that the defense may rely on the effects of his alleged sexual abuse as a child, his claimed racial harassment, his claimed abuse of alcohol and illicit drugs, the circumstances of his home life, his alleged exposure to allegedly harmful chemicals and fertilizers during periods in his life, various lengthy periods of institutionalization and incarceration, and his treatment or lack of treatment by the State of Minnesota. Please attempt to address these issues in your reports and conclusions.

When we met, Mr. Rodriguez spoke at some length about two separate incidents of alleged sexual abuse that were perpetrated upon him as a child. He also claimed that he was the victim of racism and spoke about his alcohol and illicit drug use history. He also spoke about alleged exposure to potential harmful chemicals and fertilizers during periods of his life. That said, none of this information, nor his lengthy periods of incarceration, institutionalization, or alleged lack of treatment by the State of Minnesota serve to mitigate or explain the alleged commission of the instant offense.

Exhibit D

Mr. Steven E. Holtshouser
Assistant United States Attorney
*Re: United States vs. Alfonso Rodriguez*
August 24, 2006
Page 10


My opinions are based on the information listed at the beginning of this report and included in the body and appendix of this report. The reader should take note that the information included in the transcript is an attempt on the part of my transcriptionist to accurately reflect the defendant's responses to my questions. In addition, I reserve the right to expound on my opinions after I have had an opportunity to review the opinions of the defendants' experts and additional FBI 302's.

Thank you for allowing me to participate in this most interesting case. Do not hesitate to contact me at 480-281-1638, if I can be of any further assistance.

Respectfully submitted,

*SEP.D.O. 08/24/06*

Steven E. Pitt, D.O.
Diplomate, American Board of Psychiatry and Neurology with
    Subspecialty Certification in Forensic Psychiatry

Enclosures: Letter from Mr. Steven E. Holtshouser to
                Steven E. Pitt, D.O., dated August 21, 2006
                  *(Exhibit "A")*
            Transcript of Psychiatric Evaluation of
                Alfonso Rodriguez, Jr. *(Exhibit "B")*
            Records Summary and Chronology prepared by
                James A. Wright, FBI, Ret. *(Exhibit "C")*
            Curriculum Vitae of Steven E. Pitt, D.O.
                *(Exhibit "D")*
            Fee Schedule of Steven E. Pitt, D.O. *(Exhibit "E")*
            List of Court and Deposition Testimony of
                Steven E. Pitt, D.O. *(Exhibit "F")*
            DVD of Psychiatric Evaluation *(Exhibit "G")*


Exhibit D