IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, | Criminal No. 2:04-cr-55 |
| Plaintiff/Respondent, | Civil No. 2:11-cv-88 |
| vs. | **ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)** |
| Alfonso Rodriguez, Jr., | |
| Defendant/Petitioner. | |

Before the Court is Petitioner Alfonso Rodriguez, Jr.'s motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). (Docs. #1151, 1155). The United States has filed a brief in opposition (Doc. #1154). For the reasons that follow, Rodriguez's motion is denied.

A district court has broad discretion in determining whether to grant or deny a Rule 59(e) motion. United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (quoting Innovative Home Health Care v. P.T.-O.T. Assoc. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998)). "Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" Id. "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quotation and citation omitted).

While Rule 59(e) permits a court to review and amend its decision under limited circumstances, the rule "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008). In his motion, Rodriguez identifies

what he perceives as errors in the Court's analysis on the issue of whether he meets the diagnostic criteria for intellectual disability.  Specifically, Rodriguez asserts the following deficiencies by the Court: (1) failing to assess his intellectual disability through "established clinical standards;" (2) improperly imposing an evidentiary burden on him; and (3) not expanding the developmental period of Rodriguez's life to include the period between age 18 and 22.[1]  Rodriguez's motion is essentially a motion for reconsideration for which there is no provision in the Federal Rules of Civil Procedure.  Broadway v. Norris, 193 F.3d 987, 988 (8th Cir. 1999).  His arguments are inconsistent with the purpose of Rule 59(e), which was adopted "to make clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment."  White v. New Hampshire Dep't of Emp. Sec., 455 U.S. 445, 450 (1982) (quoting the Notes of Advisory Committee on 1946 Amendment to Rules, 5 F.R.D. 433, 476 (1946)).

Rodriguez has not disputed that he bears the burden of demonstrating he is intellectually disabled for purposes of the Eighth Amendment.  The Court, in reaching its decision, considered and analyzed the extensive competing evidence on the issue of whether or not Rodriguez meets the diagnostic criteria for intellectual disability.  It found the

---

[1]When the parties briefed the Atkins issue, the diagnostic criteria in the AAIDD provided that the age of onset (developmental period) for intellectual disability was before age 18.  On January 15, 2021, the AAIDD published the 12th Edition of its Manual in which it amended its diagnostic criteria to expand the developmental period to prior to age of 22.  Despite the change and the intervening months, Rodriguez did not alert the Court before the Court issued its decision and judgment on September 3, 2021, that this change was in any way significant in his case.  In his motion to alter or amend judgment, Rodriguez has not proffered new evidence or pointed to evidence in the record that would convince the Court that the result would be different if the Court included the period in Rodriguez's life between age 18 and 22.  It is for these reasons that the Court declines to reopen or modify its analysis on his Atkins claim due to the expansion of the developmental period.

evidence was equivocal and inconclusive.  Nothing Rodriguez has identified in his Rule 59(e) motion persuades the Court that it applied an incorrect standard or made a manifest error or law or fact.  Based on the evidence in the record and even with the expansion of the developmental period to before age 22, the Court finds Rodriguez has not met his burden of establishing he is intellectually disabled and categorically ineligible for the death penalty under controlling precedent and current diagnostic standards.

Rule 59(e) is not designed to provide an avenue for a disappointed party to reargue matters previously argued and disposed of.  Nor does it allow a party to relitigate a point of disagreement between the Court and a litigant.  Having neither presented no new evidence nor demonstrated that the Court made a manifest error or law or fact warranting relief, Rodriguez's Rule 59(e) motion is **DENIED**.

Rodriguez has brought to the Court's attention a typographical error in the Court's September 3, 2021, Order.  On page 149, the Court incorrectly listed the IQ score obtained by Dr. Weinstein as 89, when it should have been stated as 74.  The score was accurately stated elsewhere in the opinion.  The Court has filed an amended opinion contemporaneously with this Order to correct this typographical error.

**IT IS SO ORDERED.**

Dated this 3rd day of January, 2022.

Sitting by Designation:

*/s/*   Ralph R. Erickson
Ralph R. Erickson, Circuit Judge
Eighth Circuit Court of Appeals

3