# EXHIBIT A

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

| | | |
|---|---|---|
| **Alfonso Rodriguez, Jr.,** | ) | |
| | ) | |
| **Appellee,** | ) | |
| | ) | |
| **vs.** | ) | **No. 22-1461** |
| | ) | |
| **United States of America,** | ) | **This is a capital case** |
| | ) | |
| **Appellant** | ) | |

## APPELLEE'S MOTION TO DISMISS APPEAL
## FOR LACK OF JURISDICTION

The district court's grant of sentencing-phase relief under 28 U.S.C. § 2255 is not a final and appealable order because Appellee Alfonso Rodriguez, Jr., has not been resentenced. This Court should therefore dismiss the government's premature appeal for lack of jurisdiction. Appellee states as follows in support of this motion:

1.    Following a jury trial in 2006, Alfonso Rodriguez was convicted of an interstate kidnapping resulting in death and was sentenced to death in the United States District Court for the District of North Dakota. This Court affirmed the conviction and sentence on direct appeal. *United States v. Rodriguez*, 581 F.3d 775 (8th Cir. 2009), *cert. denied*, 562 U.S. 981 (2010).

2.    Rodriguez sought post-conviction relief under 28 U.S.C. § 2255. After conducting a series of evidentiary hearings, the district court granted sentencing-phase relief on certain constitutional claims, denied the remainder of Rodriguez's

1

claims, and later denied a motion to alter or amend judgment with respect to one of the rejected claims. *See* Dist. Dkt. #1149 (memorandum opinion and order partly granting and denying relief, dated Sept. 3, 2021); Dist. Dkt. #1150 (judgment, dated Sept. 3, 2021); Dist. Dkt. #1156 (order denying Rule 59(e) motion, dated Jan. 3, 2022); Dist. Dkt. #1157 (amended memorandum opinion and order, correcting clerical error from previous order, dated Jan. 3, 2022). The district court held that trial counsel performed ineffectively by failing to challenge the "likely knowingly false" testimony of the government's forensic pathologist, whose "entirely speculative" opinion about the cause of the victim's death exaggerated the brutality of the crime and became the prosecution's "core" and "most compelling" argument for a death sentence. Dist. Dkt. #1149 at 40-79; Dist. Dkt. #1157 at 40-79. The court also faulted counsel for preventing the defense's psychological experts from asking Rodriguez about the crime, which impaired the investigation of Rodriguez's mental state. Dist. Dkt. #1149 at 8; Dist. Dkt. #1157 at 8. Pursuant to its grant of relief on these and related grounds, the district court ordered that Rodriguez be resentenced through a new penalty phase trial. *See* Dist. Dkt. #1149 at 232; Dist. Dkt. #1157 at 232.

3.     Rather than initiate the penalty retrial ordered by the district court, the government filed a notice of appeal on March 3, 2022. *See* Dist. Dkt. #1158.

4.     This case arises under 28 U.S.C. § 2255, which creates "a separate proceeding, independent of the original criminal case." *Andrews v. United States*,

2

373 U.S. 334, 338 (1963). The statute provides that "An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus." 28 U.S.C. § 2255(d).

5.    *Andrews* makes clear that an order vacating the prisoner's sentence under § 2255 is not final until the district court resentences the prisoner. The prisoners in *Andrews* had been denied the right of allocution, the district court vacated both sentences, and the government appealed before either defendant was resentenced. *See* 373 U.S. at 336-37. The Court found it "clear" that the district court's relief was interlocutory rather than final: "Where, as here, what was appropriately asked and appropriately granted was the resentencing of the petitioners, it is obvious that there could be no final disposition of the s 2255 proceedings until the petitioners were resentenced." *Id.* at 339-40.

6.    This Court followed the reasoning of *Andrews* in *Wiggins v. United States*, 900 F.3d 618 (8th Cir. 2018). In that § 2255 case the district court reinstated one of the government's two pretrial plea offers on account of trial counsel's erroneous plea advice, and it later resentenced Wiggins to a specific term in accordance with the reinstated offer. Wiggins appealed after the resentencing, urging that the district court should have reinstated both of the prosecution's plea offers instead of only one of them. The government moved to dismiss the appeal, arguing that the appeal was untimely and that Wiggins should have appealed from the incomplete grant of § 2255 relief instead of the later sentencing order. The

3

Court disagreed, holding that "the order granting Wiggins's § 2255 motion did not become final and appealable until the district court resentenced Wiggins." *Id.* at 621 (citing *Andrews*, 373 U.S. at 340). Wiggins, therefore, correctly appealed two days after his resentencing, even though he filed the notice of appeal more than 60 days after the § 2255 ruling. *Id.*

7.      This Court in *Wiggins* relied on the Fourth Circuit's opinion in *United States v. Stitt*, 459 F.3d 483 (4th Cir. 2006), for the broader proposition that "Subsequent cases interpreting *Andrews* squarely hold that a district court's judgment vacating a sentence does not become final – and thus is not appealable – until the court has resentenced the defendant." *Wiggins*, 900 F.3d at 621 (quoting *Stitt*, 459 F.3d at 485). The *Stitt* case features the same posture as this one: a federally death-sentenced prisoner obtained penalty-phase relief under § 2255, and the government took an immediate appeal rather than waiting for the defendant to be resentenced. Following the clear dictate of *Andrews*, the Fourth Circuit ruled that "an order vacating a sentence does not become final until resentencing occurs." *Stitt*, 459 F.3d at 485. The court therefore dismissed the government's appeal for lack of jurisdiction. *Id.* at 485-46.

8.      Identical to *Stitt* is the Third Circuit's opinion in *United States v. Hammer*, 564 F.3d 628 (3rd Cir. 2009). There as here, the government sought an immediate appeal of a district court's order vacating the prisoner's federal death sentence under § 2255. Following *Stitt*, the court concluded that it lacked

4

jurisdiction over the appeal because "a § 2255 appeal is not final until the prisoner is resentenced." *Hammer*, 564 F.3d at 634. The court likewise dismissed Hammer's appeal of the adverse portions of the district court's ruling. *Id.* at 629.

9.     A similar appeal was dismissed by the Seventh Circuit as well. *See* Order, *United States v. Johnson*, No. 11-1326 (7th Cir. May 26, 2011). Once again, the government took an immediate appeal from the grant of capital sentencing-phase relief, and the prisoner moved to dismiss the appeal for lack of jurisdiction. *See id.* (Motion to Dismiss Appeal for Lack of Jurisdiction, filed Feb. 23, 2011). The government then moved to dismiss its own appeal, having earlier sought a stay pending a decision from the Solicitor General on whether to authorize the appeal. *Id.* (Government's Motion to Dismiss Its Appeal, filed May 26, 2011; Agreed Motion to Stay Appeals, filed Mar. 2, 2011).

## CONCLUSION

Binding authority forbids the government from appealing a grant of sentencing-phase relief under § 2255 until the defendant is resentenced. The Court should dismiss this appeal for lack of jurisdiction.

Respectfully submitted,


<u>/s/ Joseph W. Luby</u>
Joseph W. Luby
Eric J. Montroy
Assistant Federal Defenders
Federal Community Defender Office
Capital Habeas Unit
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
215-928-0520

*Counsel for Appellee*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2022, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Nicholas W. Chase
Megan A. Healy
United States Attorney's Office
655 First Avenue North, Suite 250
Fargo, ND 58102

/s/ Joseph W. Luby
*Counsel for Appellee*

**CERTIFICATE OF COMPLIANCE**

Appellee Alfonso Rodriguez's motion contains 1121 words, and thus complies with the word limitation of Fed. R. App P. 27(d)(2)(A). This motion also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it was prepared in a proportionally spaced typeface using Microsoft Word 2016 in Times New Roman 14.

/s/ Joseph W. Luby
*Counsel for Appellee*